911 P.2d 631

**David RODDY, a single man, Plaintiff–Appellee,**

v.

**The COUNTY OF MARICOPA, a body politic; Maricopa Medical Center, an agency of the County of Maricopa, Defendants–Appellants.**

No. 1 CA–CV 94–0319.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 23, 1996.

**626**

Goldman & Kaplan, Ltd. by Paul D. Friedman, Phoenix, for Plaintiff–Appellee.

Jennings, Strouss & Salmon, P.L.C. by Gary L. Stuart and James M. Ackerman, Phoenix, for Defendants–Appellants.

## OPINION

EHRLICH, Judge.

This appeal raises the issue whether the successful party to superior court litigation may be required to pay jury fees. We conclude that such an assessment is improper.

### FACTS AND PROCEDURAL HISTORY

David Roddy filed a complaint in Maricopa County Superior Court against Maricopa County and other defendants alleging medical malpractice and negligence. The jury found in favor of all defendants. The court then entered judgment assessing jury fees and mileage of $2892.00 jointly and severally against Roddy and the defendants. On the county's motion to alter or amend the judgment for jury fees, the court prorated the fees; Roddy and each of the defendants were assessed $578.40. The county timely appealed.[1]

### DISCUSSION

The issue whether the superior court has discretion to order a successful party to pay any portion of the jury fees is a legal one regarding the interpretation and application of the statutes controlling the assessment of costs and jury fees. Accordingly, we conduct a *de novo* review. *Hampton v. Glendale Union High School Dist.*, 172 Ariz. 431, 433, 837 P.2d 1166, 1168 (App.1992).

The superior court based its order regarding the payment of jury fees on Local Rule of Practice for the Maricopa County Superior Court ("Rule") 2.6(c) which states:

> Except as otherwise provided by law, the parties may by agreement, subject to approval by the court, designate the party or parties against whom jury fees are to be

---

1. Roddy separately appealed from the verdict on his claims of negligence and medical malpractice. That appeal is designated 1 CA–CV 94–0303. He failed, however, to file an answering brief in this appeal. While we could construe this as a confession of error, *see, e.g., Nydam v. Crawford,* 181 Ariz. 101, 101, 887 P.2d 631, 631 (App.1994), in the exercise of our discretion, we will decide the appeal on its merits.

assessed. If the parties fail to so designate, the court shall assess the jury fees equally against each side unless the court determines that the interests of justice require assessment of jury fees in some other manner.

The county submits that this local rule does not apply because statutes otherwise place the burden of paying jury fees on the unsuccessful party. It adds that the statutes must prevail over a conflicting court rule.

██ Arizona Revised Statutes Annotated ("A.R.S.") section 12–341 provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." This language is mandatory; the superior court has no discretion to deny costs to the successful party. *Hooper v. Truly Nolen of America,* 171 Ariz. 692, 695, 832 P.2d 709, 712 (App.1992); *Trollope v. Koerner,* 21 Ariz.App. 43, 47, 515 P.2d 340, 344 (1973).

Section 12–332 enumerates various expenses included as costs. Subsection B specifically addresses jury fees and provides that they "shall" be taxed as costs although paid to the clerk of the superior court (instead of the successful party). The only discretion given the court is in subsection C allowing it "for good cause [to] relieve a person from payment of a jury fee when the court believes such relief proper."

██ The legislature clearly intended the unsuccessful party at trial to bear financial responsibility for jury fees. Therefore, to the extent that Rule 2.6(c) allows the superior court to assess jury fees against the successful party to the litigation, it is in conflict with these legislative stipulations.

██ Substantive rights created by statutes cannot be enlarged or diminished by court rules. *Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984); *State v. Birmingham,* 95 Ariz. 310, 316, 390 P.2d 103, 107, *reh'g* 96 Ariz. 109, 392 P.2d 775 (1964). The substantive law is that part of the law which creates and defines rights, whereas the procedural law prescribes the method by which a substantive law is enforced or made

effective. *Daou,* 139 Ariz. at 358, 678 P.2d at 939. The statutes governing which party is required to pay jury fees are substantive and, therefore, cannot be changed by court rule. Thus, Rule 2.6(c) does not give the superior court authority to order a successful party to litigation to pay any portion of the jury fees. Accordingly, in the case at bar, the court lacked authority to assess jury fees jointly and severally among all of the parties. It should have assessed all of the jury fees against Roddy unless it found good cause to relieve him of such payment.[2]

### CONCLUSION

The superior court's judgment assessing jury fees jointly and severally against all parties is reversed. This case is remanded to the court for further proceedings consistent with this opinion.

GRANT, P.J., and PATTERSON, J., concur.

---

2. In light of our resolution of this issue, we need not consider the county's other arguments in

support of reversal of the jury-fee assessment.