937 P.2d 353

Brett W. ROSNER, a single man, Plaintiff/Appellant/Cross–Appellee,

v.

DENIM & DIAMONDS, INC., a limited liability corporation doing business in the State of Arizona, Defendant/Appellee/Cross–Appellant.

No. 2 CA–CV 96–0190.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 31, 1996.

Review Denied May 20, 1997.

Muchmore & Wallwork, P.C. by Charles J. Muchmore and Bridget S. Bade, Phoenix, for Plaintiff/Appellant/Cross–Appellee.

Peter H. Schelstraete, Tempe, for Defendant/Appellee/Cross–Appellant.

**OPINION**

FLÓREZ, Judge.

Appellant and his friends were patrons of appellee, a popular country western nightclub. An unidentified patron took exception to the way appellant was talking to his girlfriend and confronted appellant. Eventually, appellant's friends and other patrons intervened and a brawl ensued, leaving appellant with injuries, including the loss of a portion of his right ear lobe. Appellant did not know his attackers. By the time the police arrived, the attackers and many witnesses had left the premises. The police report referred to the actual perpetrator as the "unidentified suspect." No employee of appellee or acquaintance of appellant was directly responsible for appellant's injuries.

Appellant filed a complaint against the nightclub, alleging that it was negligent in failing to properly train its employees to handle this type of altercation and in offering low-priced drink specials. Appellee timely filed a notice of nonparties at fault, designating as nonparties appellant's unknown attackers. Appellant moved to strike the notice. The trial court denied the motion after hearing oral argument. After a trial on the merits, the jury found that appellant's damages amounted to $100,000 and allocated fault: 75 percent to appellee, 10 percent to appellant, and 15 percent to nonparties at fault.

■ The issue on appeal is whether the trial court properly found that appellee had produced sufficient facts to comply with Ariz. R. Civ. P. 26(b)(5), 16 A.R.S., so as to allow the jury to consider allocating fault to the nonparty assailants. Appellant's position is that to comply with Rule 26(b)(5), which implements Arizona's comparative fault statute, A.R.S. § 12–2506, appellee had to supply the names and addresses of the nonparties at fault. Appellant argues that the comparative fault statute does not contemplate reducing a plaintiff's recovery by attributing fault to generic or "phantom" nonparties. That interpretation, however, is inapposite to the intent of a comparative fault statute, the purpose of which is to apportion fault among all tortfeasors. We conclude that the trial

court properly allowed the jury to consider the fault of the unknown attackers in apportioning fault.

■ Resolution of this appeal requires us to interpret A.R.S. § 12–2506 and Rule 26(b)(5). Statutory interpretation is a matter of law and can be considered *de novo* on review. *Wareing v. Falk*, 182 Ariz. 495, 499, 897 P.2d 1381, 1385 (App.1995). A substantive law is one which creates, defines, or regulates rights. *Roddy v. County of Maricopa*, 184 Ariz. 625, 627, 911 P.2d 631, 633 (App.1996). Section 12–2506 is such a statute and reads, in pertinent part:

> In assessing percentages of fault the trier of fact shall consider the fault of *all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit.* Negligence or fault of a nonparty may be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice before trial, in accordance with the requirements established by court rule, that a nonparty was wholly or partially at fault.

(Emphasis added). This statute is implemented by Rule 26(b)(5), which reads as follows:

> Any party who alleges, pursuant to A.R.S. § 12–2506(B) (as amended), that a person or entity not a party to the action was wholly or partially at fault in causing any personal injury, property damage or wrongful death for which damages are sought in the action shall provide the identity, location, and the facts supporting the claimed liability of such nonparty.... The trier of fact shall not be permitted to allocate or apportion any percentage of fault to any nonparty whose identity is not disclosed in accordance with the requirements of this subpart 5....

■ Appellant contends that to properly *identify* a nonparty at fault, one must be "specific and provide sufficient information to allow the plaintiff to bring the nonparty into the suit." This is not the intent of the statute when read in conjunction with the rule. "A defendant can name a nonparty at fault

even if the plaintiff is prohibited from directly naming or recovering from [that] party." *Ocotillo West Joint Venture v. Superior Court*, 173 Ariz. 486, 488, 844 P.2d 653, 655 (App.1992). Arizona courts have a "tendency to apply comparative fault principles regardless of the relationship between the parties and the nature of the duty owed." *Natseway v. City of Tempe*, 184 Ariz. 374, 376, 909 P.2d 441, 443 (App.1995). The cases also "reflect a recognition of the legislature's strong desire to ensure that comparative fault principles are applied in most cases where the actions of more than one party combine to cause harm." *Id.* at 377, 909 P.2d at 444. Moreover, the comparative fault statute apportions fault, even at the expense of the plaintiff. *Jimenez v. Sears Roebuck and Co.*, 183 Ariz. 399, 407, 904 P.2d 861, 869 (1995). Section 12–2506 was enacted to establish "a system of several liability making each tortfeasor responsible for paying for his or her percentage of fault *and no more*." *Dietz v. General Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991) (emphasis in original). Even willful, wanton, and intentional tortfeasors, who may be essentially judgment-proof, are to be factored into the equation. *Thomas v. First Interstate Bank*, 187 Ariz. 488, 930 P.2d 1002 (Ct.App. 1996); *Lerma v. Keck*, 186 Ariz. 228, 921 P.2d 28 (Ct.App. 1996).

■■■ Appellant maintains that Rule 26(b)(5), read together with the statute, more fully explains the legislature's intent in enacting the comparative fault statute to require *specific* identification and location of nonparties and to prevent designating unidentified nonparties at fault, thereby depriving a plaintiff of a full, collectible recovery.[1] Rules promulgated by the Arizona Supreme Court, such as Rule 26(b)(5), can only affect procedural matters and cannot abridge, enlarge, or modify substantive rights created by statute. *Roddy*, 184 Ariz. at 627, 911 P.2d at 633; *Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). If a rule and a statute appear to conflict, the rule is construed in harmony with the statute. A.R.S. § 12–

109(A); *De Camp v. Central Arizona Light & Power Co.*, 47 Ariz. 517, 57 P.2d 311 (1936). The procedural law found in Rule 26(b)(5) merely prescribes the method by which § 12–2506 is implemented and effectuated. *See Roddy*, 184 Ariz. at 627, 911 P.2d at 633. To find otherwise would allow the rule to affect substantive rights prescribed by statute. *See Wareing*, 182 Ariz. at 499, 897 P.2d at 1385.

■■ The primary intent of the statute is to allow the trier of fact, in most cases, the jury, to apportion fault among all tortfeasors based on the facts presented at trial. *Dietz*, 169 Ariz. at 510, 821 P.2d at 171. The existence and involvement of nonparties at fault are questions of fact ultimately for the jury to decide. Arizona courts have allowed submission of facts to the jury to consider allocating fault to an unidentified driver of a red Mercedes Benz who might have flagged another motorist into an accident, *Smith v. Johnson*, 183 Ariz. 38, 44, 899 P.2d 199, 206 (App.1995); a bank guard's murderer in a wrongful death action, *Thomas;* and an identified, but not civilly liable, good Samaritan, *Ocotillo*. In each case, there were facts sufficient to establish the existence of another tortfeasor, despite the inability to further identify the tortfeasor.

In the case at bar, appellee went to great lengths to specifically identify and locate appellant's assailants, and the parties had stipulated early in the lawsuit as an uncontested fact that "[t]he other individuals involved in the altercation were not identified and neither Plaintiff nor Defendant knows their current whereabouts." Prior to trial, appellee timely provided all information it had obtained about the unknown attackers. It hired a private investigator to attempt to find the people who had actually attacked appellant. Testimony was presented at trial about the existence and involvement of the unknown attackers. The jury was instructed that appellee had the burden of proving any fault of appellant and unidentified persons involved in the fight. The jury was allowed

---

1. Appellant cites an Indiana case in support of this proposition, *Cornell Harbison Excavating, Inc. v. May*, 546 N.E.2d 1186, 1187 (Ind.1989). Unlike A.R.S. § 12–2506(B) and Rule 26(b)(5), however, Indiana's jury verdict form statutorily requires "disclosure of the name of the nonparty." Ind.Code § 34–4–33 (1983) (amended 1990).

**434**

to decide whether and how to apportion fault among appellant, appellee, and the unknown assailants.

█ The trial court determined that appellee had sufficiently complied with Rule 26(b)(5)'s requirement to identify (people in the bar who attacked appellant who were not employees or friends), locate (appellee's nightclub on the night of the incident), and state facts supporting the claimed liability (assault) of the nonparties at fault to permit the jury to apportion fault to them. The trial court has broad discretion in ruling on discovery and disclosure matters. *Plattner v. State Farm Mutual Auto. Ins. Co.*, 168 Ariz. 311, 812 P.2d 1129 (App.1991). We will not disturb these decisions on appeal absent an abuse of the court's discretion. *LyphoMed, Inc. v. Superior Court*, 172 Ariz. 423, 837 P.2d 1158 (App.1992). The court did not abuse its discretion in reaching its conclusion. The jury verdict is affirmed. Appellee's cross-appeal for a new trial in the event of a reversal is thus moot.

PELANDER, P.J., and LIVERMORE, J., concur.