197 P.3d 754

HEATEC, INC., a Tennessee corporation, Plaintiff/Appellant,

v.

R.W. BECKETT CORP., an Ohio corporation, Defendant/Appellee.

Heatec, Inc., a Tennessee corporation, Plaintiff/Appellee,

v.

R.W. Beckett Corp., an Ohio corporation, Defendant/Appellant.

No. 1 CA–CV 07–0156.

Court of Appeals of Arizona, Division 1, Department C.

June 24, 2008.

Review Denied Dec. 4, 2008.

294

Tiffany & Bosco PA By Robert A. Royal, Chad A. Hester, and Lance R. Broberg, Phoenix, Attorneys for Plaintiff/Appellant/Appellee.

Cavanaugh Law Firm, By Ralph E. Hunsaker and Christopher Robbins, Phoenix, Attorneys for Defendant/Appellee/Appellant.

## OPINION

BROWN, Judge.

¶ 1 The issue presented is whether funds paid to settle a product liability action are reimbursable costs under the provisions of Arizona Revised Statutes ("A.R.S.") section 12–684(A) (2003).[1] For the following reasons, we conclude the term "costs" has an established meaning under the law that does not include settlement payments.

## BACKGROUND

¶ 2 The present action stems from a fire that occurred at an asphalt plant owned by Vulcan Materials Company ("Vulcan"). The fire originated in a booster heater, which contained an oil burner manufactured by Beckett and sold to Vulcan by Heatec. Vulcan sued Heatec for negligence, strict liability, and breach of warranty ("Underlying Case"). Heatec filed a notice of nonparty at fault, alleging that Beckett was liable for the improper design of the oil burner and insufficient warnings.

¶ 3 In March 2001, Beckett rejected a tender of defense from Heatec, contending there was no basis for an indemnity claim against it. Heatec later informed Beckett that Vulcan was willing to settle the case for $275,000. Heatec also notified Beckett that

---

1. Pursuant to Arizona Rule of Civil Appellate Procedure 28(g), we address other issues raised on appeal by Heatec, Inc. ("Heatec") and R.W. Beckett Corp. ("Beckett") by separate memorandum decision filed herewith.

it intended to pursue an indemnification claim against Beckett, but Heatec would waive the claim if Beckett would pay half of the settlement amount. Beckett rejected Heatec's proposal. In October 2001, Vulcan and Heatec settled the Underlying Case, with Heatec agreeing to pay Vulcan $200,000 in exchange for a release and dismissal of all claims against it.

¶ 4 Heatec filed suit against Beckett based on statutory and common-law indemnity, requesting reimbursement for attorneys' fees and costs incurred in defending the Underlying Case in the amount of $314,198.77, plus the settlement payment to Vulcan for $200,000. A jury found in favor of Heatec on its claim for statutory indemnity in the amount of $199,000. In a comprehensive post-trial motion, Heatec requested amendment of the jury verdict, asserting that the jury should have also awarded Heatec the $200,000 it paid to settle the Underlying Case. The trial court denied the motion and this timely appeal followed.[2]

## DISCUSSION

■ ¶ 5 Based on A.R.S. § 12–684, Heatec argues the jury's verdict on the statutory indemnity claim was insufficient because the verdict did not include reimbursement for Heatec's settlement payment to Vulcan. The statute provides in pertinent part as follows:

> In any product liability action where the manufacturer refuses to accept a tender of defense from the seller, the manufacturer shall indemnify the seller for any judgment rendered against the seller and *shall also reimburse the seller for reasonable attorney's fees and costs incurred by the seller in defending such action....*

A.R.S. § 12–684(A) (emphasis added). Heatec, as the seller of the oil burner, tendered defense of the Underlying Case to Beckett. Based on Beckett's refusal to defend, Heatec was entitled to sue Beckett for reimbursement of the attorneys' fees and costs in-

curred by Heatec in defending the Underlying Case.[3] *See* A.R.S. § 12–684(A); *McIntyre Refrigeration, Inc. v. Mepco Electra,* 165 Ariz. 560, 563, 799 P.2d 901, 904 (App.1990) (recognizing that § 12–684 "makes an important distinction between a seller's right to indemnification and his right to reimbursement" and that a seller can be indemnified against liability only if a judgment is entered against the seller). The question before us then, is whether Heatec's settlement payment was a reimbursable cost under A.R.S. § 12–684(A). We review de novo whether certain costs are recoverable under the statute. *See Roddy v. County of Maricopa,* 184 Ariz. 625, 626, 911 P.2d 631, 632 (App.1996).

■ ¶ 6 In construing a statute, we attempt to find and give effect to legislative intent. *Mail Boxes, etc., U.S.A. v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). To that end, we look first to the language of the statute. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). If the statutory language is unambiguous, we give effect to that language and do not use other rules of statutory construction. *Janson ex rel. Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). "Statutes are to be construed as a whole, and related provisions in pari materia are to be harmonized if possible[.]" *State ex. rel. Church v. Ariz. Corp. Comm'n,* 94 Ariz. 107, 110–11, 382 P.2d 222, 224 (1963).

¶ 7 Section 12–684 does not include a definition of "costs"; however, it is defined in the statutes governing civil proceedings. Thus, we look to those statutes for guidance because Heatec's claim for statutory reimbursement of its litigation expenses is a civil action. *See* A.R.S. §§ 12–331 to –333 (2003) (Title 12 "Courts and Civil Proceedings," Article 4 "Costs Defined"); *In re Nelson,* 207 Ariz. 318, 322–23, ¶ 19, 86 P.3d 374, 378–79 (2004) (addressing the recoverability of costs claimed in a judicial conduct proceeding by turning to the civil cost statutes for guid-

---

**2.** By separate memorandum decision, we concluded that Heatec was entitled to be reimbursed for the full amount of its attorneys' fees and costs pursuant to A.R.S. § 12–684(A). We further determined that the question of whether the Underlying Case was a "product liability action" as

defined by A.R.S. § 12–681(5) (Supp.2007) was properly given to the jury.

**3.** It is undisputed that no judgment was entered against Heatec in the Underlying Case.

ance). "The costs that may be imposed in superior court for civil actions are limited to taxable costs and jury fees." *Nelson,* 207 Ariz. at 323, ¶ 20, 86 P.3d at 379 (citing A.R.S. § 12–332). Taxable costs in the superior court are defined as follows:

1. Fees of officers and witnesses.
2. Cost of taking depositions.
3. Compensation of referees.
4. Cost of certified copies of papers or records.
5. Sums paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability on the bond or other obligation during each year it was in force.
6. Other disbursements that are made or incurred pursuant to an order or agreement of the parties.

A.R.S. § 12–332(A)(1)–(6).

¶ 8 Our supreme court has recognized that " 'costs' is a term of art having a limited meaning." *Nelson,* 207 Ariz. at 323, ¶ 19, 86 P.3d at 379; *see also* A.R.S. § 1–213 (2002) ("[W]ords and phrases … which have acquired a peculiar and appropriate meaning in the law shall be construed according to such … meaning."). Generally, the term "costs" refers to expense items incurred in litigation that a prevailing party is allowed to tax against the losing party. *Nelson,* 207 Ariz. at 322, ¶ 18, 86 P.3d at 378 (citation omitted). Because costs are "limited to necessary expenses, they may not include everything that a party spends to achieve victory." *Id.; see also Schritter v. State Farm Mut. Auto. Ins. Co.,* 197 Ariz. 411, 413 n. 3, ¶ 7, 4 P.3d 466, 468 n. 3 (App.2000) ("It is well recognized that 'costs' and 'expenses' are not the same,

and that 'costs' is a term of art referring only to recoverable expenses."), *vacated on other grounds,* 201 Ariz. 391, 36 P.3d 739 (2001).

¶ 9 Here, Heatec sought reimbursement from Beckett for the $200,000 settlement payment made to Vulcan. Settlement payments are not taxable costs as defined by A.R.S. § 12–332. Thus, we conclude that the legislature did not intend to include such payments as reimbursable costs under § 12–684. *See Fowler v. Great Am. Ins. Co.,* 124 Ariz. 111, 114, 602 P.2d 492, 495 (App.1979) (noting that a party can only recover expenses that are enumerated as costs under the statute); *Ponderosa Plaza v. Siplast,* 181 Ariz. 128, 134, 888 P.2d 1315, 1321 (App.1993) (noting that if the legislature had desired to expand A.R.S. § 12–332, "it would have clearly done so").[4]

¶ 10 Additionally, we find nothing in the language of § 12–684, or any other statute, indicating that the legislature intended to expand the meaning of "costs" when it enacted § 12–684. *See Ahwatukee Custom Estates Mgmt. Ass'n v. Bach,* 193 Ariz. 401, 402, ¶ 7, 973 P.2d 106, 107 (1999) ("By enacting [§ 12–332], the legislature clearly defined which categories of litigation expenses a prevailing party can recover. …"). Rather, because "costs" is a term of art with a limited meaning, we decline to interpret § 12–684 in the manner suggested by Heatec.[5]

¶ 11 This conclusion is consistent with prior decisions of our supreme court and this court in declining to expand the meaning of "costs" beyond the specific types of expenses set forth by statute. *See Schritter v. State Farm Mut. Auto. Ins. Co.,* 201 Ariz. 391, 393–94, ¶ 14, 36 P.3d 739, 741–42 (2001) (declining to manipulate the statute to include

---

**4.** Heatec has not directed us to any statutes or relevant case law in support of its argument that settlement payments are a reimbursable cost pursuant to A.R.S. § 12–684. The only cases cited by Heatec are from the courts of California and Texas. We do not find these cases helpful to our analysis because neither of them involved claims for statutory indemnification or reimbursement. *See Pac. Tel. & Tel. Co. v. Pac. Gas & Elec. Co.,* 170 Cal.App.2d 387, 338 P.2d 984, 986–87 (1959) (holding that settlement costs are recoverable under a claim for contractual indemnity); *W.R. Grace Co. v. Scotch Corp.,* 753 S.W.2d 743, 748 (Tex.App.1988) (holding that a common-law in-

demnity claim may be based on the amount paid to settle the case), disapproved on other grounds by *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492 (Tex.1991).

**5.** Additionally, the legislature is presumed to know the meaning ascribed to words when enacting statutes, *Patton v. Mohave County,* 154 Ariz. 168, 171, 741 P.2d 301, 304 (App.1987), and therefore we presume the legislature knew the word "cost" had a "limited meaning" when enacting § 12–684. *See State v. McDonald,* 88 Ariz. 1, 14, 352 P.2d 343, 351 (1960).

the expenses a party incurs in deposing its own expert witness); *State v. McDonald,* 88 Ariz. 1, 14, 352 P.2d 343, 351 (1960) (concluding that the cost statute made no provision for allowing the recovery of expert witness fees); *Ponderosa Plaza,* 181 Ariz. at 134, 888 P.2d at 1321 (holding that travel expenses for out-of-state witnesses to attend trial were not costs); *Fowler,* 124 Ariz. at 114, 602 P.2d at 495 (holding that the expenses of obtaining photographs and uncertified records were not costs).

¶ 12 Finally, Heatec urges us to construe § 12–684 to permit recovery of its settlement payment to Vulcan because it is consistent with the public policy of encouraging settlements. Heatec asserts that sellers will never settle product liability actions if they are not allowed to recover settlement costs from the manufacturer. Undoubtedly, encouraging parties involved in civil litigation to settle their disputes promotes sound public policy. It is not our function, however, to question the wisdom of the legislature in adopting a particular statute. *See Giss v. Jordan,* 82 Ariz. 152, 159, 309 P.2d 779, 784 (1957) ("The questions of the wisdom, justice, policy or expediency of a statute are for the legislature alone."); *Schritter,* 201 Ariz. at 394, ¶ 17, 36 P.3d at 742 (explaining that the policy argument raised by amicus should be addressed to the legislature rather than the court).

### CONCLUSION

¶ 13 Based on the foregoing, we find that the legislature did not intend to include settlement payments as reimbursable costs under A.R.S. § 12–684(A). Accordingly, we affirm the trial court's denial of Heatec's request to alter the jury's verdict and remand this case to the trial court for modification of the judgment as provided in our memorandum decision.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and PATRICIA K. NORRIS, Judge.

