205 P.3d 1128

**SCOTTSDALE INSURANCE COMPANY, an insurance company, on its own behalf and as subrogee for its insured, Todd Andrews, an Arizona resident, Plaintiffs–Appellees,**

v.

**Anthony CENDEJAS and Pamela Sue Cendejas, husband and wife; Topa, Inc., an Arizona corporation, Defendants–Appellants.**

**No. 1 CA–CV 08–0001.**

Court of Appeals of Arizona, Division 1, Department D.

March 3, 2009.

---

Adelman German, PC, by Steven J. German, Scottsdale, Attorneys for Appellees.

Doyle Berman Murdy, PC, by William H. Doyle, J. Randall Jue, Phoenix, Attorneys for Appellants.

## OPINION

WEISBERG, Judge.

¶ 1 Anthony Cendejas, Pamela Sue Cendejas, and Topa, Inc. (collectively "Appellants") appeal from the superior court's grant of summary judgment to Scottsdale Insurance Company ("SIC") after the court found that Appellants had not timely complied with the requirements of Arizona Rule of Civil Procedure Rule 26(b)(5) regarding their notice of nonparty at fault. Appellants also challenge the court's calculation of prejudgment interest. For the reasons that follow, we affirm the ruling regarding the notice of a nonparty at fault and thus SIC's entitlement to summary judgment, but we reverse the ruling with respect to the date that prejudgment interest began to accrue. We remand for recalculation of interest.

## BACKGROUND

¶ 2 On June 23, 2003, as Anthony Cendejas was sawing into a wall in the home of Todd Andrews, he struck something that caused a spark and a resulting fire. Andrews' home and personal property suffered extensive damage. Andrews' insurer, SIC, paid Andrews $256,500, based upon the $259,000 policy limit less a $2,500 deductible.

¶ 3 On February 18, 2004, SIC demanded reimbursement of $259,000 from Appellants' insurer, Auto Owners Insurance Company ("Auto Owners"). Auto Owners' adjuster, Bruce Thomson, calculated that it owed only $218,702.45 and refused to pay any more than that amount.[1]

¶ 4 On January 7, 2005, SIC filed suit against Appellants, for "no less than $259,000," plus prejudgment interest. Appellants answered on November 14, 2005, which set the 150–day deadline for filing their notice of nonparty at fault on April 13, 2006.[2]

---

1. At a later deposition, Thomson admitted that he had miscalculated and that Auto Owners owed at least $250,455.78 without replacement coverage and $262,000 if the policy provided replacement coverage.

2. Arizona Rule of Civil Procedure 26(b) states in part:

   (5) *Non-party at Fault. Any party who alleges, pursuant to A.R.S. § 12–2506(B) (as amended), that a person or entity not a party to the action*

¶ 5 On February 2, 2006, Appellants filed a Notice of Non–Party at Fault. The notice included the following:

Oxley Construction Company, L.L.C.

. . . .

To the extent that the above named entity performed any work on the subject property as part of the original construction of the subject property in such a way as to cause or contribute to the condition of the subject property, if any, which may have caused or contributed to the fire at the subject property, Defendants herein name this entity as a non-party at fault.

2. Any subcontractor retained by Oxley Construction, not named specifically herein, revealed through discovery, who performed any work on the subject property as part of the original construction of the subject property in such a way as to cause or contribute to the condition of the subject property, if any, which may have caused or contributed to the fire at the subject property, Defendants reserve the right to name these entities as a non-party at fault.

3. Building Inspector

Mohave County Planning & Zoning Department

. . . .

*Any building inspector,* not specifically named herein, who inspected the original construction to the extent that such inspection failed *to determine an inappropriately installed building component to the extent such components are determined to have caused or contributed to the fire* at the subject property giving rise to this claim, Defendants herein named ⌊sic⌋ these individual(s) as a non-party at fault.

(Emphasis added.)

¶ 6 On June 28, 2006, the parties deposed Appellants' expert, Joe Sesniak, who testified that the attic insulation in Andrews' home had been installed backwards, which "rapidly accelerated" the fire's development. If the insulation had been installed correctly, he opined, the fire would have been much more contained.

¶ 7 On July 11, 2006, SIC asked the court to set new pretrial deadlines and a new, later trial date. SIC cited discovery delays and explained that "[w]ithin the past few weeks, *one of the defense witnesses was deposed and suggested a completely new defense that was previously not known to Plaintiff.*" (Emphasis added.) The court granted a continuance.

¶ 8 Soon after, SIC filed a motion asking the court to find that Appellants had failed to properly or timely designate nonparties at fault. It argued that the February 2006 notice failed to reveal a factual basis indicating how any of the designated parties caused or contributed to the fire or resulting damage. SIC also asserted that Appellants had disclosed for the first time at Sesniak's deposition a defense of improper insulation installation. SIC pointed out that the disclosure came after SIC had completed its examination and during examination by Appellants' counsel, suggesting that Appellants had prior knowledge of the defense. SIC further argued that Sesniak had completed his investigation in July 2003 so that Appellants had had ample time to develop and disclose the defense. Finally, SIC noted that Appellants still had not identified an allegedly negligent insulation installer.

¶ 9 Appellants responded that the notice of nonparties was sufficient to inform SIC that other potential parties may have contributed to the loss. They also argued that, given the continuance, SIC had sufficient time before trial to address the potential liability of a nonparty.

¶ 10 The court granted SIC's motion to strike the notice of nonparties at fault. Ap-

---

*was wholly or partially at fault in causing any* personal injury, *property damage* or wrongful death for which damages are sought in the action *shall provide the identity, location, and the facts supporting the claimed liability of such nonparty* at the time of compliance with the requirements of Rule 38.1(b)(2) or these Rules, or within one hundred fifty (150) days

after the filing of that party's answer, whichever is earlier. *The trier of fact shall not be permitted to allocate or apportion any percentage of fault to any nonparty whose identity is not disclosed in accordance with the requirements of this subpart 5*

. . .

pellants moved for reconsideration, but the court declined to do so.

¶ 11 SIC then moved for summary judgment, seeking $259,000 plus prejudgment interest. Appellants responded that a question of fact existed as to the fire's cause because even if Anthony had started the fire, the improperly installed insulation had allowed it to spread and cause much greater damage. Appellants contended that the improperly installed insulation thereby constituted an intervening, superseding cause of the damages.

¶ 12 The court granted SIC's motion for summary judgment. It reasoned that even if it accepted the proposition that the insulation had been installed backwards, that error was not "an independent supervening cause of the fire." Rather, "two parties [could be] liable for causing the same damages." Furthermore, if Appellants' Notice of Nonparty at Fault had been timely, a jury could have apportioned liability between the parties. But because the notice was untimely, if the case went to trial, the court would not allow Appellants to introduce evidence about the insulation "because that would be pointing to a nonparty at fault" who was not in the case. Thus, there was no need for a trial, and no facts were in dispute once the nonparty at fault had been eliminated.

¶ 13 SIC also sought an award of sanctions under Arizona Rule of Civil Procedure 68 for the expert witness fees it had incurred, double taxable costs, and prejudgment interest on the liquidated amount of $259,000 from February 18, 2004, the date of SIC's demand letter to Auto Owners. Appellants objected to the imposition of prejudgment interest because the demand letter did not itemize the claim, was directed only to the insurance carrier, and sought damages that were unliquidated. Appellants also argued that SIC had improperly asked for costs related to Mike Scutt, who was not one of SIC's listed experts.

¶ 14 The court awarded SIC damages in the amount of $259,000; taxable costs of $3,953.30; Rule 68 sanctions of $5,311.00; expert witness fees of $14,373.59; and prejudgment interest of $82,596.16 dating from February 18, 2004. The total judgment of $365,234.05 was the full amount requested by SIC.

¶ 15 Appellants filed a motion for a new trial challenging the rulings that struck their notice of nonparties at fault, precluded a jury from deciding the issue of intervening cause, granted Rule 68 sanctions, and granted prejudgment interest. Appellants argued that striking their notice amounted to an extreme discovery sanction. The court denied the motion.

¶ 16 Appellants timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 17 Appellants argue their notice of nonparty at fault was timely and sufficiently identified the designated parties. They also contend that the court's ruling resulted in an overly harsh discovery sanction and violated their right to pay damages in accordance with their percentage of fault. We review the superior court's ruling on discovery and disclosure issues for an abuse of discretion. *Soto v. Brinkerhoff,* 183 Ariz. 333, 335, 903 P.2d 641, 643 (App.1995).

### Adequacy of a Timely Notice of Nonparty at Fault

¶ 18 Because Arizona has abolished joint and several tort liability, a defendant is liable to an injured party only for his percentage of fault and may ask the trier of fact to apportion fault among all of those who contributed to the injury. Thus, A.R.S. § 12–2506(B) (2003) provides in part:

B. In assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit. Negligence or fault of a nonparty may be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice before trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault.

As we have explained, the purpose of Rule 26(b)(5) is "to identify for the plaintiff any unknown persons or entities who may have caused the injury in time to allow the plaintiff to bring them into the action before the statute of limitations expires." *LyphoMed, Inc. v. Superior Court,* 172 Ariz. 423, 428, 837 P.2d 1158, 1163 (App.1992).

¶ 19 Although the minute entry characterized the notice as untimely, the parties do not dispute on appeal that Appellants' notice was filed within 150 days of their answer and was timely. But, whether Appellants timely filed an adequate notice is another matter. Of course, we may affirm the superior court for a reason other than that given. *Kocher v. Dep't of Rev. of Ariz.,* 206 Ariz. 480, 482, ¶ 10, 80 P.3d 287, 289 (App.2003).

¶ 20 Rule 26(b)(5) requires a party to "provide the identity, location, and the facts supporting the claimed liability" of the named nonparty (emphasis added). Appellants' notice did not do so. The notice gave the name and address of Oxley Construction but merely stated that Oxley might be at fault "to the extent that" it performed "any" work that might have caused or contributed to the fire. The notice did not state any facts that would explain why Oxley was liable for the fire and resulting damage. With respect to the Mohave County Building Inspector, the notice merely asserted liability for the failure to determine "an inappropriately installed building component" to the extent the component caused or contributed to the fire. Neither description stated the factual basis for a theory that because the insulation was improperly installed, a minor fire spread and caused far more damage than it otherwise would.

¶ 21 Information regarding a third "identified" nonparty was even more vague. The notice named "any subcontractor" retained by Oxley who performed "any work" on the property in a way that caused or contributed to the fire. From this, SIC could not have deduced that Appellants intended to name an insulation installer as opposed to any other type of subcontractor.

¶ 22 Appellants, however, argue that their notice was sufficient because the defense of improper insulation installation "matches" language in their disclosure statement that Oxley and its subcontractors "may have installed building components in such a manner as to create the condition which caused or contributed to the fire." But even if the ultimately disclosed defense could be encompassed by this very broad description, that does not render the nonparty notice adequately specific. Appellants just as easily could have claimed that any number of unspecified and undisclosed defects "matched" the notice.

¶ 23 Appellants also contend that Rule 26(b)(5) cannot supersede the substantive right created by A.R.S. § 12–2506 that they be held liable only for the amount of damages apportioned to them by a jury. They cite *Rosner v. Denim & Diamonds, Inc.,* 188 Ariz. 431, 937 P.2d 353 (App.1996), for support.

¶ 24 In *Rosner,* the plaintiff was injured in a fight at a nightclub, and his assailants fled before police arrived. *Id.* at 432, 937 P.2d at 354. The victim sued the nightclub, which filed a notice of nonparties at fault naming the unknown attackers. *Id.* The plaintiff argued that the notice did not satisfy Rule 26(b)(5) because it failed to provide sufficient identification to allow him to bring the nonparties into the lawsuit. *Id.* The trial court declined to strike the notice, and we affirmed. *Id.* at 434, 937 P.2d at 356. We held that the Rule could not abridge substantive statutory rights and should be construed in harmony with the statute, which was intended to permit apportionment of fault among all tortfeasors, even those who might be judgment-proof. *Id.* at 433, 937 P.2d at 355. But we did not hold that a party could ignore the Rule's requirements.[3] In *Rosner,* the defendant had hired an investigator, and despite having gone "to great lengths" to identify and locate the assailants, could not do so. *Id.* Also, the parties had stipulated that none knew the identity or location of the assailants. *Id.* The defendant's failure to identify the other tortfeasors resulted from sheer

---

3. The statute specifically applies when a plaintiff has settled with a nonparty or a defendant gives notice "in accordance with requirements established by court rule." A.R.S. § 12–2506(B).

inability to do so. Further, we noted that the nonparty at fault notice had stated facts supporting the assailants' liability. *Id.* at 434, 937 P.2d at 356. In contrast, here Appellants did not provide any facts to show the basis of their later claim that the named nonparties and the unnamed subcontractors were at fault.

¶ 25 Moreover, the record shows that Sesniak, who identified the insulation's improper installation, had completed his investigation a few months after the fire and more than a year before SIC filed its complaint. Appellants have not explained why they could not have included specific information about the insulation defect in their nonparty notice.[4] Their inaction is similar to that of the physician defendants in a malpractice case who sought to file an untimely motion to designate a third physician, Dr. Dawson, as a nonparty at fault. *Soto,* 183 Ariz. at 335, 903 P.2d at 643. The defendants argued that Dawson had negligently read the plaintiff's x-rays and that they only discovered his error when they deposed the plaintiff's expert. *Id.* We reversed the ruling granting the motion because the defendants knew that Dawson had taken x-rays that were missing from the records and yet they had not promptly requested the x-rays. *Id.* Thus, by their lack of diligence, they had failed to timely discover Dawson's negligence. *Id.* at 336, 903 P.2d at 644.

¶ 26 Appellants insist, however, that their notice was sufficient and that SIC failed to conduct discovery to flesh out the theory that the improper installation of the insulation had caused the extensive damages. They also assert that SIC waived any objection to the notice because it did not challenge the notice until after Sesniak's deposition, almost six months after Appellants had filed the notice. We are not persuaded.

¶ 27 Section 12–2506(B) obliges "the defending party" to give notice in accordance with Rule 26(b)(5), and the Rule requires "any party who alleges" a nonparty to be at fault under A.R.S. § 12–2506(B) to give notice as specified in the Rule. Upon receiving Appellants' vague notice, SIC was not bound to embark on an investigation into what Oxley Construction or any subcontractor might have done or failed to do that might have contributed to the fire or into which building component might have been installed improperly that might have contributed to the fire, which might have been missed by an inspector. The Rule required Appellants to state facts establishing their claim that the designated parties were at fault, i.e. that a subcontractor had improperly installed insulation that resulted in the fire spreading more extensively than it otherwise would have and that the inspector had failed to note the defective installation. Therefore, we find no abuse of discretion in the ruling that Appellants did not comply with Rule 26(b)(5).[5]

## Striking the Notice as Sanction

■ ¶ 28 Appellants next contend that the court abused its discretion in striking their notice because it essentially struck their answer and entered a default judgment. They argue that the court first should have considered less drastic sanctions. They overlook, however, that the court merely applied the mandated consequences for their failure to submit an adequate nonparty notice that satisfies the Rule.

■ ¶ 29 When interpreting a statute, if the language is unambiguous, we give effect to the language as written. *Janson on Behalf of Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). We apply the same standard when interpreting a pro-

4. Appellants argue that Sesniak was Auto Owners' adjuster, that Auto Owners is not a party to this suit, and therefore that 11 knowledge of Sesniak's opinion cannot be imputed to Appellants. But, Auto Owners has been involved in this matter since the fire and has been represented by the same law firm that represents Appellants. Further, this lawsuit resulted from Auto Owners' failure to reimburse SIC. The trial court reasonably concluded that Appellants could have timely obtained Sesniak's opinion.

5. Appellants also argue that the superior court erred in failing to reconsider its ruling on the notice of nonparties at fault and in denying their motion for new trial. However, they offer no support other than arguments we have addressed and rejected. We therefore similarly reject the argument.

cedural rule. *Devenir Assocs. v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991). Section 12–2506(B) authorizes consideration of a nonparty's fault "if the defending party gives notice before trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault." Rule 26(b)(5) directs that "[t]he trier of fact shall not be permitted to allocate or apportion any percentage of fault to any nonparty" not identified in accordance with the Rule. Because Appellants did not comply with the Rule, the statute and Rule bar consideration of any nonparty's fault in the allocation of damages, and neither gives the trial court discretion to fashion another sanction.[6]

### Propriety of Summary Judgment

■ ¶ 30 Appellants next argue that the court erred in granting summary judgment to SIC. Although Rule 56(c) permits a court to grant summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law," Appellants contend that they presented evidence demonstrating the existence of a material issue of fact on whether Anthony was the proximate cause or the cause in fact of the damages. Appellants claim that improper installation of the insulation caused the fire to spread and to produce far greater damage than it otherwise would. But, they do not contend that but-for the improper installation, no fire would have occurred. Therefore, their theory, that the improper installation exacerbated the damage Anthony inflicted by starting the fire, would require allocation of fault, which is precisely the purpose of giving notice of nonparties at fault.

¶ 31 The trial court precluded Appellants from presenting evidence of the improper installation because of their failure to comply

with Rule 26(b)(5). Appellants cite no authority that would allow them to present this evidence despite the ruling precluding apportionment of fault to nonparties. Because the court did not abuse its discretion in striking the notice of nonparties at fault, we need not address the argument that the precluded evidence presented a material issue of fact. Accordingly, we affirm the grant of summary judgment.

### Calculation of Prejudgment Interest

■ ¶ 32 A party is entitled to prejudgment interest on a liquidated claim as a matter of right. *John C. Lincoln Hosp. & Health Corp. v. Maricopa County,* 208 Ariz. 532, 544, ¶ 39, 96 P.3d 530, 542 (App.2004). But, whether there is such an entitlement presents a question of law on which we may reach an independent conclusion. *Id.*

■ ¶ 33 "A claim is liquidated if the plaintiff provides a basis for precisely calculating the amounts owed." *Id.* Thus, if one accepts the evidence and can calculate exactly the amount of damages without relying on the opinion or discretion of a judge or jury, the claim is liquidated. *Id.; Canal Ins. Co. v. Pizer,* 183 Ariz. 162, 164, 901 P.2d 1192, 1194 (App.1995). For example, if a claim consists of damages such as repair costs that are "ascertainable by accepted standards of valuation," the claim is liquidated. *Alta Vista Plaza, Ltd. v. Insul. Specialists Co., Inc.,* 186 Ariz. 81, 83, 919 P.2d 176, 178 (App.1995).

■ ¶ 34 Appellants assert that the damages were not liquidated because the parties never agreed on the amount owed. Although SIC does not contend otherwise,[7] the lack of an agreement as to a specific amount does not render a claim unliquidated if the amount is capable of calculation. *Id.; see also John C. Lincoln,* 208 Ariz. at 544, ¶ 40, 96 P.3d at

---

**6.** Although Appellants cite cases holding that a trial court must consider lesser sanctions than one that results in dismissal when imposing sanctions for a discovery violation, those cases do not concern notices of nonparties at fault. Rule 37(b) allows a trial court to make "such orders as are just" when a party has failed to obey an order to provide or permit discovery; Rule 37(c) allows a court "for good cause" to permit use of untimely disclosed information.

But Rule 26(b)(5) does not give a court discretion to overlook a defendant's noncompliance with the Rule.

**7.** Auto Owners' adjuster, Bruce Thomson, testified at his deposition that he determined the amount of the claim to be $262,000, which is more than the amount requested by SIC's complaint.

542 (dispute over liability does not make claim unliquidated).

¶ 35 For example, in *Alta Vista*, several stores in a shopping center were destroyed by fire. 186 Ariz. at 82, 919 P.2d at 177. In a suit against the tortfeasor, we held that the repair costs and architectural fees sought by the owner were liquidated because they were ascertainable by accepted standards of valuation. *Id.* at 83, 919 P.2d at 178. Here, the cost of repairing Andrews' house, his personal property losses, and living expenses were equally ascertainable by accepted standards. His damages, therefore, were liquidated.

¶ 36 However, in awarding prejudgment interest, the court used the accrual date of February 18, 2004, the date of SIC's demand letter to Auto Owners. Appellants correctly point out that the letter was insufficient because it sought a lump sum amount and did not itemize the damages. SIC has not responded to this argument.

■ ¶ 37 Prejudgment interest on a liquidated claim accrues from the date of demand of a sum certain. *Id.* But the amount of the claim must be capable of exact calculation on the date of accrual. *Matter of Estate of Miles,* 172 Ariz. 442, 445, 837 P.2d 1177, 1180 (App.1992). Furthermore, prejudgment interest will not accrue until the claimant provides "sufficient information and supporting data" to allow the debtor to determine the amount owed. *Alta Vista,* 186 Ariz. at 83, 919 P.2d at 178 (citation omitted). Consequently, a demand for a lump sum payment without an itemization is insufficient. *Id.*

¶ 38 The February letter advised Auto Owners that SIC had paid a claim for $256,500.00 under its policy and that "[o]ur investigation reveals that your insured is legally liable for the damages sustained in this loss. As a result, we now present our claim in the amount of $259,000.00, which includes our insured's $2500.00 deductible along with the supporting documents."[8] But the letter provided no explanation of the damages and thus omitted any information or supporting data that would have enabled Auto Owners to determine the amount owed. We there-

fore conclude that the superior court erred in awarding prejudgment interest from February 18, 2004 and that instead prejudgment interest accrued as of January 7, 2005 when SIC filed its complaint.

## Rule 68 Sanction

■ ¶ 39 On April 13, 2006, SIC submitted an offer of judgment to Appellants for $250,000. Appellants did not accept.

¶ 40 Rule 68(d) provides that when a party whose offer of judgment has been rejected obtains a judgment equal to or more favorable to the offeror than the offer, the court shall award to the offeror "reasonable expert witness fees" incurred after the offer was made. On appeal, Appellants challenge the award of expert witness fees for Mike Scutt because SIC did not list Scutt as an expert witness. SIC acknowledges that it not list Scutt as an expert but explains that Scutt had been its initial cause and origin expert, that it decided not to call him at trial for reasons related to Scutt's health, and that despite Scutt's withdrawal as an expert, Appellants insisted on deposing him.

¶ 41 SIC's expert witness disclosure statement of December 15, 2006 stated that Scutt had promptly investigated the cause and origin of the fire and that its listed expert, Patrick Andler, had reviewed and partially relied on Scutt's observations and findings. Another disclosure statement of March 16, 2007 stated that Andler had examined Scutt's photographs and deposition testimony. Furthermore, Appellants deposed Scutt on December 11, 2006, almost eight months after SIC's offer of judgment.

■ ¶ 42 Thus, although Scutt was not designated as trial expert, he provided some expert witness services after SIC made the Rule 68 offer. Rule 68 does not restrict the award of expert witness fees to those who testify. *See Levy v. Alfaro,* 215 Ariz. 443, 445, ¶ 8–¶ 9, 160 P.3d 1201, 1203 (App.2007). The trial court therefore properly awarded fees for Scutt.

8. The record does not include any supporting documents.

**Attorneys' Fees**

¶ 43 SIC requests attorneys' fees as a sanction pursuant to A.R.S. § 12–349(A)(3)(2003), asserting that Appellants unreasonably expanded the scope of litigation by filing this appeal. Because we find merit in Appellants' claim that the court erred in its calculation of prejudgment interest, we decline SIC's request.

## CONCLUSION

¶ 44 We affirm the ruling that Appellants failed to timely file an adequate notice of nonparty at fault, and in light of that conclusion, we affirm the trial court's grant of summary judgment. Nonetheless, the court erred in awarding prejudgment interest based on the nonspecific demand letter of February 18, 2004, and we remand for a recalculation of prejudgment interest to begin on the date SIC filed its complaint. Finally, we award SIC costs on appeal upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and PATRICIA A. OROZCO, Judge.