IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————

THE STATE OF ARIZONA,
*Appellee*,

*v.*

ALAN IVAN IBARRA,
*Appellant*.

No. 2 CA-CR 2021-0087
Filed December 21, 2022

———————————

Appeal from the Superior Court in Pima County
No. CR20182861001
The Honorable James E. Marner, Judge

**REVERSED AND REMANDED**

———————————

COUNSEL

Laura Conover, Pima County Attorney
By Gabriel J. Chin, Rachelle Barr, and Bradley Roach, Deputy County
Attorneys, Tucson
*Counsel for Appellee*

Megan Page, Pima County Public Defender
By David J. Euchner and Sarah L. Mayhew, Assistant Public Defenders,
Tucson
*Counsel for Appellant*

———————————

**OPINION**

Vice Chief Judge Staring authored the opinion of the Court, in which
Presiding Judge Eppich and Judge Brearcliffe concurred.

S T A R I N G, Vice Chief Judge:

¶1        Alan Ibarra appeals from the trial court's denial of his petition for expungement.  For the reasons that follow, we reverse and remand with instructions to grant Ibarra's petition.

## Factual and Procedural Background

¶2        In 2018, Ibarra was indicted for possession of a narcotic drug, described in the indictment as "cannabis oil," and possession of drug paraphernalia, described in the indictment as a "cartridge."  In 2019, Ibarra pled guilty to solicitation to possess cannabis oil and possession of drug paraphernalia, and, pursuant to the plea agreement, the trial court dismissed the other charges and allegations.  The court imposed concurrent terms of eighteen months' probation.

¶3        In November 2020, Arizona voters passed Proposition 207, also known as the Smart and Safe Arizona Act.  *See* A.R.S. §§ 36-2850 to 36-2865.  As a result, Ibarra filed a petition in April 2021 to expunge the records of his "arrest, charge, conviction and sentence" for the two offenses. He attached to the petition the plea agreement, minute entry from the change-of-plea hearing, and minute entry from the sentencing hearing.  The state did not oppose or otherwise respond to Ibarra's petition despite the trial court's express invitation to do so.  The court denied the petition without prejudice to refiling, concluding it was premature based on the language of § 36-2862(A), which provides that individuals may petition for expungement "[b]eginning July 12, 2021."

¶4        On July 19, Ibarra renewed his petition for expungement, again attaching the plea agreement, minute entry from the change-of-plea hearing, and minute entry from the sentencing hearing.  Again, the state did not oppose or otherwise respond to Ibarra's petition.  In denying the petition, without an evidentiary hearing, the trial court explained:

> Per [A.R.S.] § 36-2862(B)(4), to expunge records related to marijuana offenses, the Court must make findings of fact and conclusions of law that the offense is eligible for expungement. [Ibarra]'s motion does not provide the Court with sufficient evidence to make such a finding. The plea agreement identifies the illegally possessed substance as cannabis oil,

> a marijuana concentrate. [A.R.S.] § 36-2862 allows for expungement of records in cases involving convictions of possession of 12.5 g or less of marijuana concentrate. Nowhere in the plea agreement or minute entries is the amount of cannabis oil quantified. [Ibarra] did not provide an affidavit indicating, under oath, that he possessed 12.5 g of cannabis oil or less. No police reports were provided to allow the Court to make any finding regarding quantity. The only reference in the file to any amount is the interim complaint which indicates that the defendant acknowledged ownership of a backpack that contained "multiple THC medical cannabis oil commercially packaged" and that he left his "vape" device he ostensibly would use to consume the cannabis oil at home.

Without distinguishing between the two offenses Ibarra sought to expunge, the court stated, "Given the absence of any evidence that [Ibarra] possessed 12.5 g or less cannabis oil, as well as the statement in the interim complaint that suggests possession of a more significant amount," Ibarra's "requested relief [was] not warranted." This appeal followed. We have jurisdiction pursuant to article VI, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(3), and 36-2862(F).

**Discussion**

¶5 Ibarra challenges the denial of his petition for expungement, arguing the trial court's application of § 36-2862(B)(3) and Rule 36(d)(3), Ariz. R. Crim. P., "violates the principles of statutory construction and the separation of powers." He also asserts the court erred in sua sponte considering "unproven, dismissed allegations" from an interim complaint. We review the court's denial of the petition for an abuse of discretion, *see State v. Hall*, 234 Ariz. 374, ¶ 3 (App. 2014), but "[w]e review the interpretation of statutes and court rules de novo," *Cranmer v. State*, 204 Ariz. 299, ¶ 8 (App. 2003). "An error of law committed in reaching a discretionary conclusion may . . . constitute an abuse of discretion." *Hall*, 234 Ariz. 374, ¶ 3 (alteration in *Hall*) (quoting *State v. Wall*, 212 Ariz. 1, ¶ 12 (2006)).

¶6          Proposition 207, a voter-passed initiative, legalized certain conduct related to the recreational use, cultivation, and sale of marijuana and provided for expungement of records for specific marijuana-related offenses.  *See* §§ 36-2850 to 36-2865.  As a result, an individual may petition the trial court to expunge a record of an "arrest, charge, adjudication, conviction or sentence" for, as applicable here, (1) "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana, of which not more than twelve and one-half grams was in the form of marijuana concentrate," and (2) "[p]ossessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana."  § 36-2862(A)(1), (3).

¶7          By statute, a trial court must grant a petition for expungement "unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement." § 36-2862(B)(3).  Similarly, by rule, a court must "grant the petition unless the prosecuting agency establishes by clear and convincing evidence that the offense is not eligible for expungement or if the court finds that the offense identified in the petition is not eligible for expungement."  Ariz. R. Crim. P. 36(d)(3).

¶8          Ibarra asserts the trial court misapplied the statute and rule by effectively adding a requirement that a petitioner "produce affirmative evidence of eligibility."  As a result, he argues the court violated his due process rights—by "impermissibly shifting the burden of proof from the State to the petitioner"—and the separation of powers—by infringing on the state's discretion not to oppose the petition.  In briefing, the state argued Ibarra's conviction for solicitation to possess cannabis oil was ineligible for expungement on its face because eligibility "relies on the oil being under the statutory amount," and the court properly "found it lacked sufficient information to rule on the face of the petition."  At oral argument in this court, however, the state withdrew its opposition to Ibarra's petition. Nevertheless, because the issue is of great public importance and likely to recur, and because we are not aware of any published opinions addressing the relationship between the statute and the rule, we exercise our discretion to decide the matter.  *See State v. Valenzuela*, 144 Ariz. 43, 44 (1985).

¶9          In interpreting a voter-passed initiative, our "primary objective 'is to give effect to the intent of the electorate.'"  *State v. Jones*, 246 Ariz. 452, ¶ 5 (2019) (quoting *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, ¶ 6 (2015)).  "The most reliable indicator of that intent is the language of the statute, and if it is clear and unambiguous, we apply its plain meaning and

the inquiry ends." *Id.* If the language is ambiguous or would lead to an absurd result, then we can look to the "context, . . . the subject matter, the historical background, the effects and consequences, and its spirit and purpose." *State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 169 (1991).

**¶10** The same principles of interpretation apply to procedural rules. *Id.* at 168-69. Specifically, when interpreting court rules, "we strive to effectuate our supreme court's intent in promulgating the rule, bearing in mind that the best indicator of that intent" is the rule's plain language. *State v. Mendoza*, 249 Ariz. 180, ¶ 9 (App. 2020). And like the interpretation of statutes, when the intended meaning is not clear, we examine the rule's context, language, subject matter, background, effects, and purpose. *State v. Whitman*, 234 Ariz. 565, ¶ 8 (2014). Further, "[i]f a rule and a statute appear to conflict, the rule is construed in harmony with the statute" because procedural rules cannot diminish the rights afforded by a substantive statute. *Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 433 (App. 1996); *see* A.R.S. § 12-109(B).

**¶11** We agree with Ibarra that "[n]either the statute nor rule require a petitioner to produce evidence of eligibility." Indeed, both the statute and the rule place the burden of proof on the state. Specifically, under the plain language of § 36-2862(B)(3) and Rule 36(d)(3), a trial court must grant a petition for expungement unless the state establishes a petitioner's ineligibility by clear and convincing evidence. Rule 36(d)(3) does provide that a court may deny the petition if it "finds that the offense identified in the petition is not eligible for expungement." But this language is designed to allow the court to deny a petition relating to "an offense that, on its face, is not eligible for expungement under the statute," for example, selling marijuana. Administrative Office of the Courts' Petition to Adopt Rule 36, Ariz. R. Crim. P., Final Amended Reply to Comments, 4, 6-7 (2021) (Rule adopted by Ariz. Sup. Ct. Order R-21-0023 (Aug. 30, 2021)). The rule does not impose an evidentiary burden on a petitioner. This interpretation respects the plain language of the requirements imposed upon the state and the court by both the rule and the statute. § 36-2862(B)(3); Ariz. R. Crim. P. 36(d)(3). And, to the extent the statute and the rule could be read to be in conflict, it honors our obligation to construe the rule "in harmony with the statute." *Rosner*, 188 Ariz. at 433. "To find otherwise would allow the rule to affect substantive rights prescribed by statute." *Id.*

**¶12** While Rule 36(b)(1) permits a court to "dismiss a petition that fails to provide sufficient information to identify the records to be expunged," the parties do not dispute that there was sufficient information

to identify the records here. Instead, Ibarra's petition for expungement complied with Rule 36(a), which, among other things, requires a petition to state "the offense for which expungement is being requested." Specifically, his petition stated that he sought expungement of records related to his convictions for solicitation to possess a narcotic drug, "to wit, Cannabis Oil," and possession of drug paraphernalia, "to wit, Cartridge." These offenses are included in the list of expungeable offenses under § 36-2862(A).[1] Although § 36-2862(A)(1) provides the additional requirement that the marijuana concentrate be in an amount equal to or less than "twelve and one-half grams," neither the rule nor the statute require Ibarra to produce evidence that the amount of cannabis oil he possessed satisfied this requirement. *See* § 36-2862(B)(3); Ariz. R. Crim. P. 36(d)(3).

**¶13** As discussed, the state did not respond to Ibarra's initial or renewed petition. And, the record before the trial court contained no evidence establishing the weight of the cannabis oil. Indeed, the plea agreement attached to Ibarra's petition merely stated he "possessed drug paraphernalia, to wit: CARTRIDGE." Similarly, the transcript of the change-of-plea hearing stated Ibarra was in possession of a "small amount of cannabis oil" "contained in a cartridge." The grand jury transcript, which was incorporated into the plea agreement's factual basis, stated that the "[o]fficer locate[d] sixteen marijuana oil cartridges" and that the "cartridges [were] full of cann[a]b[i]s oil." Further, even assuming the court was permitted to rely on the interim complaint in determining whether Ibarra's offenses were eligible for expungement, the complaint did not specify the amount of cannabis oil at issue, simply stating that the officer had "discovered a backpack with multiple THC medical cannabis oil commercially packaged inside of the trunk."[2]

---

[1] The parties do not dispute on appeal that inchoate offenses, including solicitation, are to be treated the same as completed drug offenses for purposes of § 36-2862(A)(1).

[2] This case does not require us to determine the appropriate scope of the trial court's review of the record in determining whether "the offense identified in the petition is not eligible for expungement" under Rule 36(d)(3). *Cf. State v. Santillanes*, No. 1 CA-CR 21-0389, ¶ 33, 2022 WL 17684559 (Ariz. Ct. App. Dec. 15, 2022) ("[C]ourts may consider any admissible evidence the State presents regarding a petitioner's ineligibility for expungement.").

**¶14**         The state failed to produce any evidence, let alone clear and convincing evidence, establishing that the weight of the cannabis oil Ibarra had possessed exceeded the amount set forth in § 36-2862(A)(1), and, as noted, the record was otherwise devoid of such evidence.  The trial court erred by effectively shifting the burden to Ibarra to produce affirmative evidence establishing his offenses were eligible for expungement even where his petition contained allegations sufficient to invoke expungement. Thus, the court abused its discretion in denying the petition to expunge Ibarra's convictions for solicitation to possess marijuana and possession of marijuana paraphernalia.[3] *See* Ariz. R. Crim. P. 36(d)(3); § 36-2862(B)(3).

### Disposition

**¶15**         For these reasons, we reverse and remand with instructions that the trial court grant Ibarra's petition for expungement.

---

[3]Because we conclude the trial court erred in denying the petition for expungement, we do not address Ibarra's argument that the court violated the separation of powers by denying his petition.