844 P.2d 653

**OCOTILLO WEST JOINT VENTURE, an Arizona business entity, ABQ Corporation, a New Mexico corporation, ABQ Development Corporation, a New Mexico corporation, ABQ Bank, a New Mexico corporation, Amrock Enterprises, a New Mexico corporation, all doing business as Ocotillo Golf Course and/or Ocotillo Country Club; Black Corporation I–III, John Does I–III, Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona, IN and FOR the COUNTY OF MARICOPA, the Honorable Jonathan H. Schwartz, a judge thereof, Respondent Judge,**

**Penni ZYLKA, on her own behalf and for and on Behalf of Joseph Henry Zylka, Jr. and Bonnie Rebekah Zylka, Joseph Zylka's surviving children and for and on Behalf of Joseph John Zylka and Joye Frances Zylka, Joseph Zylka's surviving parents, Real Parties in Interest.**

No. 1 CA–SA 92–0170.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 3, 1992.

Review Denied Feb. 2, 1993.

Michael Herzog, Phoenix, for petitioners.

Begam, Lewis, Marks, Wolfe & Dasse, P.A. by Elliot G. Wolfe and Cora Perez, Phoenix, for real parties in interest.

## OPINION

VOSS, Judge.

In this special action, the petitioners seek review of the trial court's order striking their notice of nonparty at fault. We previously entered an order accepting jurisdiction and granting relief with an opinion to follow. This is that opinion.

## FACTS

We interpret the facts and all reasonable inferences to the benefit of petitioners, the parties aggrieved by the trial court's summary disposition. *Cf. Nicoletti v. Westcor, Inc.*, 131 Ariz. 140, 142, 639 P.2d 330, 332 (1982). In 1989 Joseph Zylka and William Easley played golf and consumed alcoholic beverages at the Ocotillo Golf Course ("Ocotillo") which is operated by the petitioners. Because Zylka appeared intoxicated, two Ocotillo employees took possession of Zylka's car keys. At that time, Easley stepped forward and offered to drive Zylka home. With that assurance, and observing Easley's apparent lack of impairment, the two employees gave Zylka's keys to Easley. Once in the parking lot, Easley returned the keys to Zylka. Zylka left the golf course in his own automobile and was involved in a one car accident. He subsequently died from his injuries.

The respondents brought a wrongful death action against the golf course alleging that Ocotillo's sale of alcohol to Zylka was the cause of the accident. The petitioners filed a notice of nonparty at fault, pursuant to Rule 26(b)(5), Arizona Rules of Civil Procedure, alleging that Easley was at least partially at fault because he volun-

teered to drive Zylka home and then gave the car keys back to Zylka. The respondents filed a motion for summary judgment asking the court to dismiss the petitioners' allegation of a nonparty at fault. The trial judge treated the motion for summary judgment as a motion to strike the notice of nonparty at fault and granted it. The petitioners then brought this special action.

Our decision to grant special action relief is largely discretionary and it is the rare case where we will grant such relief where a later appeal is available. Here, we have that rare case and justice requires that we grant special action relief. The issue presented is solely one of law and we agree with petitioners that there is no justification for the trial court's action. *Cravens, Dargan & Co. v. Superior Court,* 153 Ariz. 474, 477, 737 P.2d 1373, 1376 (1987).

## DISCUSSION

Rule 26(b)(5), Arizona Rules of Civil Procedure, provides that a defendant can give notice that a person or entity not a party to the action is allegedly wholly or partially at fault so that Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–2506(B) (as amended) comes into play. When assessing the percentage of fault of each defendant, A.R.S. § 12–2506(B) (Supp. 1991) provides that the fact finder "shall consider the fault of all persons who contributed to the alleged injury ... regardless of whether the person was, or could have been, named as a party to the suit."

■ Our supreme court recently interpreted A.R.S. § 12–2506(B) in *Dietz v. General Elec. Co.,* 169 Ariz. 505, 821 P.2d 166 (1991). There the court held that the provisions of A.R.S. § 12–2506(B), requiring the assessment of nonparty fault regardless of whether the nonparty was or could be made a defendant to the action, prevail over the provision in A.R.S. § 12–2501(H) which prohibits such assessment against employers. *Id.* at 511, 821 P.2d at 172. Essentially, a defendant can name a nonparty at fault even if the plaintiff is prohibited from directly naming or recovering from such a party.

The purpose of A.R.S. § 12–2506(B) articulated by *Dietz* applies here.

[Petitioners] invoked these statutory provisions, naming [Easley] as a nonparty at fault under § 12–2506. Designating [Easley] as a nonparty at fault would allow [petitioners] to offer trial evidence of [Easley's] negligence and to argue that the jury should attribute all or some percentage of fault to [Easley], thereby reducing [petitioners'] percentage of fault and consequent liability.

*Id.* at 507, 821 P.2d at 168.

The issue, then, is whether Easley's actions "contributed" to Zylka's death, rendering Easley "wholly or partially at fault." To find a person at fault in a negligence action, four elements must be shown: 1) duty, 2) breach of duty, 3) causation, and 4) damages. *Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983). A duty must be recognized by law and must obligate a defendant "to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Markowitz v. Arizona Parks Board,* 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985). Whether a duty exists is usually a question of law for the court to decide. *Id.*

■ The petitioners argue that Easley had a duty to Zylka under the good samaritan doctrine. The doctrine has long been recognized in Arizona. *Roberson v. U.S.,* 382 F.2d 714, 718 (9th Cir.1967); *Taylor v. Roosevelt Irr. Dist.,* 72 Ariz. 160, 165, 232 P.2d 107, 110 (1951). It is set forth in two sections of the Restatement (Second) of Torts (1986) (hereinafter "Restatement § .... cmt. ....."). Restatement § 323 provides:

> One who undertakes, gratuitously or for consideration to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement § 324 provides:

One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by

(a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or

(b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

■ Our courts follow the Restatement of the Law of Torts on matters not covered by statute or an earlier judicial decision. *MacNeil v. Perkins*, 84 Ariz. 74, 81, 324 P.2d 211, 215 (1958).

■ In its minute entry striking the petitioners' notice of nonparty at fault, the court stated, "Mr. Zylka was not ... 'helpless' as that term is used in § 324. He was simply too drunk to drive." We disagree. The determination of whether an individual is "helpless" must be made within the context of each case. A person who is drunk and slumped in a chair at home in front of the television may not be considered helpless. However, we reach the opposite conclusion if that same person is put behind the wheel of an automobile and sent down the road.

Although the trial judge focused on § 324 in his order, we find that both sections of the Restatement are applicable to the facts of this case. The only difference between the two sections is the particular feature of § 324 that the plaintiff is in a helpless position. Section 323 has no such requirement. In either event, we believe the good samaritan doctrine applies when an actor, otherwise without any duty to do so, voluntarily takes charge of an intoxicated person who is attempting to drive a vehicle and, because of the actor's failure to exercise reasonable care, has changed the other's position for the worse. Restatement § 323 and § 324 cmts. b and c. The rule applies to this situation because if

Easley had not said that he would see that Zylka got home safely, the petitioners might have taken steps that would have avoided the accident.

The respondents argue that Easley did not have a duty to Zylka because it was the petitioners who first provided Zylka with the alcohol that rendered him too drunk to drive. They contend that the duty of care the petitioners owed to Zylka as a patron in their bar is not one that can be delegated. We agree that petitioners' duty cannot be delegated. The petitioners, however, are not trying to delegate their dramshop responsibilities to Easley. The petitioners argue, and we agree, that the duties owed by the petitioners and Easley are independent of each other.

The respondents also argue that even if Easley had provided the alcohol to Zylka, as a social host he has no duty of care when providing guests with alcohol. We agree with this statement of the law, however, there is no evidence in the record that Easley provided Zylka with alcohol. Easley's responsibility derives from the good samaritan doctrine. The immunity of the social host does not come into play.

■ The respondents further argue that the good samaritan doctrine only applies when the actor is a government entity which otherwise had duties in regard to the voluntary undertaking or when there was some commercial relationship between the parties. We disagree. The good samaritan doctrine arises wholly apart from a consideration of whether the volunteer is a governmental or private entity. *Barnum v. Rural Fire Protection Company*, 24 Ariz.App. 233, 237, 537 P.2d 618, 622 (1975).

When Easley took charge of Zylka for reasons of safety he thereby assumed a duty to use reasonable care. Zylka was too drunk to drive. Under one version of the facts Ocotillo's employees had taken charge of Zylka and effectively stopped him from driving. Easley's offer deterred the employees from their efforts to keep Zylka out of his automobile. Rather than use reasonable care to drive Zylka home or

make alternative arrangements, Easley discontinued his assistance and put Zylka in a worse position than he was in when Ocotillo's employees had possession of his keys. A reasonable fact finder could conclude that Easley's actions contributed to Zylka's death, rendering Easley wholly or partially at fault.

We conclude that the trial court erred in striking Easley as a nonparty at fault and therefore reverse and remand for further proceedings.

JACOBSON, P.J., and KLEINSCHMIDT, J., concur.