296 P.3d 87

**BOWEN PRODUCTIONS, INC., Petitioner,**

v.

**The Honorable Colleen L. FRENCH, Judge Pro Tem of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge Pro Tem,**

**Evans & Sutherland Computer Corporation, Real Party in Interest.**

No. 1 CA–SA 12–0220.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 24, 2013.

---

Welsh Law Group by Kenneth W. Welsh, Keely Verstegen, Phoenix, Attorneys for Petitioner.

Lewis and Roca LLP by Frances J. Haynes, Robert G. Schaffer, Phoenix, Attorneys for Real Party in Interest.

## OPINION

SWANN, Judge.

¶ 1 This special action asks whether a notice of nonparty at fault that lacks substantial factual allegations is nonetheless valid when the defendant's disclosure statements reveal the basis for the nonparty's putative fault. Here, the superior court struck such a notice without taking into account the content of a previously served expert disclosure. We hold that when a notice specifically identifies a nonparty at fault, and timely disclosures explain the factual basis for the allegation of fault, the documents must be read together and the notice may therefore be sufficient under Ariz. R. Civ. P. 26(b)(5). We therefore accept jurisdiction and grant relief.

*FACTS AND PROCEDURAL HISTORY*

¶ 2 Mesa Community College contracted with general contractor Barton Malow Company to construct a planetarium on its campus. Barton Malow contracted with subcontractor Evans & Sutherland ("E & S") to

design and install the sound system for the planetarium. E & S then entered into a contract with Bowen Productions, Inc., and an E & S subsidiary, Spitz, Inc., to perform work on the project. In June 2008, E & S installed the dome. Almost six weeks later, Bowen installed the audio system. E & S alleges that Bowen employees damaged the dome frame while installing the speakers.

¶ 3 In March 2009, Bowen's insurer hired Rimkus Consulting, Inc., to review engineering for the dome and determine the cause of damage. In May 2009, Marc Sokol, a licensed professional engineer employed by Rimkus, prepared a report that attributed fault to Spitz and set forth four conclusions concerning Spitz's role in causing the damage.

¶ 4 In July 2010, E & S filed an action against Bowen over the damage that Bowen's installers allegedly caused to the dome. On November 8, 2010, Bowen provided its initial disclosure statement, which listed Sokol as an expert witness and attached Sokol's May 2009 report.

¶ 5 On November 17, 2010, Bowen filed a Notice of Non–Parties at Fault. The notice identified Spitz, and cursorily described the basis for the designation: "Spitz, Inc. negligently designed and manufactured the nanoseam dome at issue, failed to perform its work in compliance with the standards of workmanship, and negligently provided or failed to provide proper instructions for the operation and use of the nanoseam dome." Therefore, the notice concluded, "[t]o the extent that Spitz, Inc.'s negligence caused or contributed to the damages alleged by Plaintiff, Spitz, Inc. may be wholly or partially at fault for damages in this matter."

¶ 6 Bowen later retained Doug Ward and Alan Shelton, licensed general contractors, to provide additional opinions related to the alleged damage to the dome. In September 2011, Ward authored a report that attributed fault to Spitz, concluding "Spitz was responsible for notifying Bowen regarding changes in the design and/or site conditions which would impact their installation process[,]" and it failed to do so.[1] On September 23, 2011, Sokol and Rimkus's Western Region Manager, Jonathan Higgins, issued a Second Supplemental Report on behalf of Bowen. They opined that because Spitz failed to verify the dome's capacity, Spitz was partially at fault for the resulting damage. Bowen disclosed these reports.

¶ 7 In May 2012, eighteen months after Bowen's Notice of Non–Parties at Fault, and after Bowen's disclosure of Sokol's and Ward's reports, E & S filed a Motion to Strike. The Motion argued that the Notice failed to present facts supporting Bowen's contention that Spitz was at fault. In August 2012, the superior court granted the Motion to Strike. The court held that Bowen had "failed to meet the requirements of [Rule] 26(b)(5), specifically the mandates that the 'identity' and 'the facts supporting the claimed liability' must be revealed[,]" and that although Bowen identified Spitz, Spitz's liability was not disclosed by "properly disclosed 'facts.'" This special action followed.

### JURISDICTION

¶ 8 We accept special action jurisdiction because the petition raises a purely legal question concerning the application of the Arizona Rules of Civil Procedure. *Green v. Nygaard*, 213 Ariz. 460, 462, ¶ 6, 143 P.3d 393, 395 (App.2006). Though appellate guidance is scant, questions concerning the adequacy of notices of nonparty at fault present themselves frequently throughout the state, and we conclude in the circumstances of this

---

1. First, Ward found that "Spitz, the designer, fabricator and installer of the dome frame and panels, failed to install the dome frame per the approved design and Project specifications." Second, Ward found that Mesa Community College reduced the access to the dome panels, which eliminated the catwalks and attached ladders, resulting "in more foot traffic on the structural components of the dome panels[,]" and Spitz "had a responsibility to either require catwalks and attached ladders for access to the backside of the dome or to inform Bowen that other means of access to install its equipment would be necessary." Third, Ward found that E & S or Spitz "failed to schedule Bowen's speaker installation after the dome frame and panel installation was complete, but prior to removal of the scaffolding used to install the dome and prior to the installation of the suspended grid ceiling." Therefore, Ward concluded, Bowen installers did not have a safe and practical work platform from which to access the speakers.

case that review by appeal would not offer an "equally plain, speedy, and adequate remedy." *See* Ariz. R.P. Spec. Act. 1(a); *Vo v. Superior Court (State)*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992).

## DISCUSSION

¶ 9 We review the superior court's rulings on discovery and disclosure issues for an abuse of discretion. *Soto v. Brinkerhoff*, 183 Ariz. 333, 335, 903 P.2d 641, 643 (App. 1995). An abuse of discretion occurs where the court's reasons for its actions are "clearly untenable, legally incorrect, or amount· to a denial of justice." *State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983). Here, we find an abuse of discretion because the court misinterpreted a rule of civil procedure.

¶ 10 Under Rule 26(b)(5), a party designating a nonparty at fault "shall provide the identity,[2] location, and the *facts* supporting the claimed liability of such nonparty at the time of compliance with the requirements of Rule 38.1(b)(2) ... or within one hundred fifty (150) days after the filing of that party's answer, whichever is earlier." Ariz. R. Civ. P. 26(b)(5) (emphasis added). According to the rule, "[t]he trier of fact shall not be permitted to allocate or apportion any percentage of fault to any nonparty whose identity is not disclosed in accordance with the[se] requirements." *Id.*[3]

¶ 11 A notice of nonparty at fault is deficient when it fails "to state facts establishing [the] claim that the designated parties were at fault[.]" *Cendejas*, 220 Ariz. at 287, ¶ 27, 205 P.3d at 1134. E & S contends that "Bowen has not identified the facts that it believes would support Spitz's liability, much less established that E & S was aware of them when its designations were filed." We agree with the superior court that the notice, standing by itself, fails to reveal a factual basis for Spitz's putative liability. But nothing in Rule 26(b)(5) requires that the notice be read in a vacuum. In this case, Bowen disclosed three expert reports pursuant to Rule 26.1, containing ample facts to support a theory under which a finder of fact could find Spitz at least partially at fault for the damage to the dome. We conclude that a notice of nonparty at fault must be read together with a party's timely disclosures, and a notice may be considered sufficient when the disclosures reveal the factual basis for the nonparty's alleged fault.[4]

¶ 12 We disagree with E & S's contention that *Cendejas* requires a contrary conclusion. In *Cendejas*, the court refused to revive a facially vague notice of nonparty at fault by reference to disclosures because the disclosures themselves were so vague that they provided no theory of fault. *See* 220 Ariz. at 286, ¶ 22, 205 P.3d at 1133. The disclosure in *Cendejas* merely stated that the nonparty at fault "may have installed building components in such a manner as to create the

**2.** In this case, there is no question that Spitz was specifically identified. We have, however, acknowledged in special circumstances that a notice may be valid even when the nonparty at fault is not identified by name. *See Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 937 P.2d 353 (App.1996).

**3.** Under Arizona's comparative fault system, a defendant in a negligence action is liable only for its own portion of fault, and the finder of fact is required to determine the relative percentages of fault among all those who contributed to the injury. *Scottsdale Ins. Co. v. Cendejas*, 220 Ariz. 281, 285, ¶ 18, 205 P.3d 1128, 1132 (App.2009); A.R.S. § 12–2506(B). The notice of nonparty at fault is a procedural requirement designed to alert parties in a timely fashion to the existence of other potential tortfeasors. Comparative fault principles do not apply in breach of contract cases. *Fidelity & Deposit Co. of Md. v. Bondwri-*

*ter Sw., Inc.*, 228 Ariz. 84, 88, ¶ 22, 263 P.3d 633, 637 (App.2011). In this case, Bowen brought both breach of contract and negligence claims. We express no opinion whether negligence claims are properly cognizable in this case under the economic loss rule. *See Flagstaff Affordable Housing Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 223 P.3d 664 (2010).

**4.** Our holding that Rules 26.1 and 26(b)(5) must be read together does not mean that a party can salvage a defective notice simply by serving a last-minute disclosure. If the timing of disclosure prevents meaningful notice for long enough to cause prejudice, the court retains discretion to strike a notice of nonparty at fault. But here, there is no such concern. Spitz was identified in the notice itself, and the disclosures were served seasonably—including one disclosure before the notice itself. Moreover, E & S does not argue that it was prejudiced by any delay.

condition which caused or contributed to the fire." *Id.* By contrast, the disclosures in this case—those before and after the notice was filed—provided specific expert testimony concerning the manner in which Spitz allegedly contributed to the harm.

¶ 13 The 1989 comment to the Rule, which predates the disclosure rules, provides:

> Rule 26(b)(5) is intended to be read in conjunction with the provisions of Rule 26(e)(1)(D), which requires the seasonable supplementation of responses to discovery requests addressed to the identity, location, and the facts supporting the asserted liability of any nonparty who is claimed to be wholly or partially at fault in causing any personal injury, property damage or wrongful death for which damages are claimed in the action, pursuant to A.R.S. § 12–2506(B) (as amended).

This comment reveals a sensible recognition that the full universe of facts relating to a nonparty's fault may not be available as early as the deadline for the filing of a notice. In 1989, when discovery, not disclosure, was the principal means of acquiring pretrial information, the drafters of the rule understood that the basis for a nonparty at fault designation would likely become clearer as litigation progressed. This remains the case under the more modern disclosure rules.

¶ 14 Applying our holding to this record, we conclude that the notice was valid as a matter of law. Bowen specifically named Spitz as a nonparty at fault, alleging that Spitz performed the work negligently and that it did not provide proper instructions for the "operation and use" of the dome. Taken together with Sokol's expert report from May 2009, which contained specific facts demonstrating Spitz's fault, E & S adequately and timely placed Bowen on notice of its theory. The supplemental disclosures served before the motion to strike only reinforced the facts of which Bowen had long been aware.

## CONCLUSION

¶ 15 For the reasons set forth above, we accept jurisdiction and grant relief.

CONCURRING: SAMUEL A. THUMMA, Judge, and LAWRENCE F. WINTHROP, Chief Judge.