IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Petitioner,*

*v.*

THE HONORABLE MARGARET MAHONEY,
Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for
the County of MARICOPA,
*Respondent Judge,*

CALVIN RAGSDALE and VIRGINIA
RAGSDALE,
*Real Parties in Interest.*

No. 1 CA-SA 19-0067

FILED 5-16-2019

Petition for Special Action from the Superior Court in Maricopa County
No. CV2016-015513
The Honorable Margaret R. Mahoney, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brock J. Heathcotte, Christopher B. Davis
*Counsel for Petitioner*

Palumbo, Wolfe & Palumbo, PC, Phoenix
By Elliot G. Wolfe
*Co-Counsel for Real Parties in Interest*

Severiano A. Rodarte, Esq., Phoenix
By Severiano A. Rodarte
*Co-Counsel for Real Parties in Interest*

---

## OPINION

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

¶1        A motorist died before dawn one day when his car slammed into some horses that had wandered onto State Route 77 near Dudleyville. Tracks showed the horses had passed through an open gate in a barbed-wire fence maintained by the State of Arizona adjacent to the highway. Investigators also spotted tire tracks of one or more all-terrain vehicles ("ATVs") leading through the gate.  The motorist's parents sued several defendants, including the State, which filed a notice of nonparty at fault asserting that "unknown ATV riders were responsible for leaving" the gate open.  The superior court struck the notice, noting the State had not tried to identify or locate the ATV riders and there was no evidence that any nonparty "was actually known" to be at fault.  We hold the notice was valid. The claim against the State is that the highway gate was open because the State did not secure it.  On these facts, the State may name as a nonparty at fault the individual who negligently left the gate open even though the State cannot identify that person by name.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Joseph Ragsdale was driving to work in Miami when his car collided with the horses.  Ragsdale was killed, and four of the horses also perished.  His parents (the "Plaintiffs") sued a couple that owned property near the highway (the "Owners"), the couple who kept the horses in a fenced pasture on that property (the "Ranchers"), and the State.  The Plaintiffs alleged the Owners and the Ranchers negligently failed to secure the gate to the pasture in which the Ranchers kept the horses.  The Plaintiffs alleged the State negligently failed to secure a gate in another fence that ran along the highway about a half-mile beyond the pasture.

¶3        Discovery had revealed that hunters and hikers sometimes came and went through the pasture gate, and the State, joined by the

2

Owners, filed a notice naming as nonparties at fault "unknown persons" who opened the pasture gate without closing it.  The State separately filed another notice naming "Unknown ATV Riders" who, the State alleged, had left the highway gate open in disregard of a sign on the gate saying, "KEEP GATE CLOSED."

**¶4**	In support of its allegation about the ATV riders, the State cited a DPS report that stated as follows:

> [T]he horses came from the pasture and traveled towards State Route 77, where they located the opened right-[of-way] fence gate, traveled through it and up onto the highway where the collision occurred.  It could not be determined who had left . . . either the pasture gate or the right-[of-way] fence gate open, but . . . a subject(s) operating [ATVs], based upon tire prints, had left the right-[of-way] fence gate open.

The Plaintiffs objected to the notices of nonparty at fault, and, after briefing and oral argument, the superior court struck them both.

## JURISDICTION

**¶5**	The State petitioned for special action relief from the superior court's order striking its notice of the ATV riders as nonparties at fault.  By prior order, we accepted jurisdiction of the State's petition because it raised a purely legal question and, in the circumstances presented, the State lacked an adequate remedy.  *See* Ariz. R.P. Spec. Act. 1(a); *Bowen Prods. v. French*, 231 Ariz. 424, 426-27, ¶ 8 (App. 2013); *Ocotillo West Joint Venture v. Superior Court*, 173 Ariz. 486, 488 (App. 1993).[1]

## DISCUSSION

**¶6**	As our supreme court explained in *Dietz v. Gen. Elec. Co.*, 169 Ariz. 505 (1991), "[w]ith certain exceptions . . . the liability of tortfeasors in Arizona is several only."  *Id.* at 506 (citing Ariz. Rev. Stat. ("A.R.S.") § 12-2506(A) (2019) ("Each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault . . . ."))[2]  "In assessing percentages of fault the trier of

---

[1]	Our order vacated the ruling striking the State's notice and stated that we would issue an opinion in due course.  This is that opinion.

[2]	Absent material revision after the relevant date, we cite the current version of a statute or rule.

fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit." A.R.S. § 12-2506(B).

¶7 Arizona Rule of Civil Procedure 26(b)(5) sets out the procedure by which a defendant may exercise its rights under the statute:

> *Notice of Nonparty at Fault*. No later than 150 days after filing its answer, a party must serve on all other parties--and should file with the court--a notice disclosing any person: (A) not currently or formerly named as a party in the action; and (B) whom the party alleges was wholly or partly at fault under A.R.S. § 12-2506(B). The notice must disclose the identity and location of the nonparty allegedly at fault, and the facts supporting the allegation of fault. . . . The trier of fact may not allocate any percentage of fault to a nonparty who is not disclosed in accordance with this rule except on stipulation of all the parties or on motion showing good cause, reasonable diligence, and lack of unfair prejudice to all other parties.

We review a superior court's rulings on discovery and disclosure issues for abuse of discretion. *Bowen*, 231 Ariz. at 427, ¶ 9.

¶8 The Plaintiffs argue the superior court correctly struck the State's notice because it did not identify the ATV riders by name, in violation of Rule 26(b)(5). In *Rosner v. Denim & Diamonds, Inc*., 188 Ariz. 431 (App. 1996), however, we held a defendant's failure to identify a nonparty by name was not fatal to its notice. The plaintiff in *Rosner* was injured in a nightclub brawl, but his assailants left the club before police arrived. *Id.* at 432. The plaintiff sued the nightclub, alleging its negligence caused the fight. *Id.* After the nightclub tried without success to locate the assailants, it filed a notice of nonparty at fault designating them as nonparties. *Id.* at 432-33. On appeal from a defense verdict, the plaintiff argued the superior court should have struck the notice of nonparty at fault. *Id.* at 432. As here, the plaintiff argued the notice did not comply with Rule 26(b)(5) because it did not identify the nonparties nor give their location. *Rosner*, 188 Ariz. at 432.

¶9 We held that, like any procedural rule, Rule 26(b)(5) "can only affect procedural matters and cannot abridge, enlarge, or modify substantive rights created by statute." *Rosner*, 188 Ariz. at 433. Under § 12-2506(A), we explained, the issue is whether the defendant's notice discloses "facts sufficient to establish *the existence* of another tortfeasor, despite the

inability to further identify the tortfeasor." *Rosner*, 188 Ariz. at 433 (emphasis added); *cf. McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61 (App. 1997) (upholding allocation of fault to a nonparty in mode-of-operation case against grocer without deciding whether evidence was sufficient to support fault of unknown person who dropped piece of paper on which plaintiff slipped); *Smith v. Johnson*, 183 Ariz. 38 (App. 1995) (jury allowed to consider fault of unidentified driver of a "red Mercedes" who negligently waved the defendant driver through an intersection, where the defendant collided with an oncoming car).

¶**10**        The nightclub in *Rosner* filed its notice only after going to "great lengths" to identify the patrons who had beaten up the plaintiff. 188 Ariz. at 433. Here, the Plaintiffs assert that, by contrast, the State has done nothing to try to identify the ATV riders who left the tracks through the highway gate. *Cf.* Ariz. R. Civ. P. 26(b)(5) (court may grant relief from rule upon showing of "good cause, reasonable diligence, and lack of unfair prejudice to all other parties"). But while the *existence* of the ATV riders may be material to the jury's allocation of fault, the Plaintiffs do not argue the *names* of the riders are material to that determination. The State will have the burden at trial to prove that the horses made their way onto the highway because ATV riders left the gate open. The State's failure to try to learn the names of the ATV riders, and its resulting inability to offer specifics about how they left the gate open and when, are things the Plaintiffs may ask the jury to weigh at trial, but under these circumstances, they are not grounds for striking the notice of nonparty at fault.

¶**11**        Citing *dictum* in *Scottsdale Ins. Co. v. Cendejas*, 220 Ariz. 281 (App. 2009), the Plaintiffs nevertheless argue we cannot disregard the requirement in Rule 26(b)(5) that a defendant provide the "identity and location" of the alleged nonparties at fault. *See Cendejas*, 220 Ariz. at 286, ¶ 24 (noting the defendant's unsuccessful efforts in *Rosner* to locate the assailants and warning that *Rosner* "did not hold that a party could ignore the Rule's requirements"). But we did not rule in *Cendejas* that a notice of nonparty at fault that lacks the name and location of the nonparty necessarily fails under Rule 26(b)(5) unless the defendant can show it tried without success to find the nonparty. The notice in that case identified the nonparty by name but did not explain what the nonparty did that deserved fault. *Id.* Here, there is no doubt that the State alleges the ATV riders should bear fault because they opened the gate and did not close it behind them.

¶**12**        In any event, we question any suggestion in *Cendejas* that Rule 26(b)(5) must be applied in a way that ensures a plaintiff has sufficient

information "to bring [the nonparty] into the action before the statute of limitations expires." 220 Ariz. at 286. At its heart, Rule 26(b)(5) is in service of a defendant's substantive right to have the jury assess fault to a nonparty – regardless of whether the plaintiff may hail that nonparty into court. *See Dietz*, 169 Ariz. at 510 (upholding defendant's right to name as a nonparty at fault an employer that is immune from suit by the plaintiff); *Rosner*, 188 Ariz. at 433 ("[T]he comparative fault statute apportions fault, even at the expense of the plaintiff."); *Ocotillo West*, 173 Ariz. at 488 ("Essentially, a defendant can name a nonparty at fault even if the plaintiff is prohibited from directly naming or recovering from such a party.").

¶13        It follows that Rule 26(b)(5) may not be read to undermine a defendant's statutory right to be assessed no more than its proportionate share of fault. *See Daou v. Harris*, 139 Ariz. 353, 358 (1984) (when legislature creates substantive right, court may not diminish that right by procedural rule); *Marsin v. Udall*, 78 Ariz. 309, 312 (1955) ("Any rule of court that operates to lessen or eliminate the right is of no legal force."). Although a defendant will be better served at trial if it can offer detailed information about a nonparty it alleges should bear some share of fault, a notice of nonparty at fault is not necessarily defective if it lacks information that would enable the plaintiff to sue the nonparty directly. *See Rosner*, 188 Ariz. at 433 (§ 12-2506 was enacted "to allow the trier of fact . . . to apportion fault among all tortfeasors based on the facts presented at trial") (citing *Dietz*, 169 Ariz. at 510 (§ 12-2506 "establish[ed] a system of several liability making each tortfeasor responsible for paying for his or her percentage of fault *and no more*")).

¶14        The Plaintiffs argue that, as the superior court reasoned, in *Rosner* and the other nonparty cases cited above, it was undisputed that a nonparty had in fact committed a fault-worthy act. The Plaintiffs contend that here, by contrast, as the superior court found, "there is no person who actually saw anyone leave open the gate." On the facts presented, however, the State need not support its notice with testimony by someone who saw ATV riders open the highway gate and leave without closing the gate behind them. It is undisputed that the highway gate was open; indeed, the Plaintiffs allege the State negligently failed to secure the gate so that horses could not come from the nearby ranch onto the highway. Although the Plaintiffs do not concede that a human being must have opened the gate, at oral argument, they admitted they have no evidence to support the notion that the gate could have been opened any other way. And one of the Owners testified that gates like the one in the highway fence are not easy to open and "generally . . . don't get opened very often by people that can't close them."

¶15        As the superior court noted, the premise of the State's notice is that the horses came onto the highway because someone left the gate open. Tire tracks mixed with the tracks of the horses show it may have been ATV riders who did so. On this record, given the nature of the gate and the other evidence in the record, the superior court erred by concluding the State's notice was too speculative. The Plaintiffs' claim against the State presumes the highway gate was open, and the State is entitled to argue to the jury that it should apportion fault to the ATV riders if it finds they opened the gate without closing it.

## CONCLUSION

¶16        For these reasons, we accept jurisdiction of the State's petition for special action and grant relief by vacating the order of the superior court striking the State's notice of nonparty at fault concerning "unknown ATV riders."



AMY M. WOOD • Clerk of the Court
FILED:  AA