NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GREGORY BEST, *Plaintiff/Appellant,*

*v.*

JOSE NIEBLAS, *Defendant/Appellee.*

No. 1 CA-CV 19-0312
FILED 10-15-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-000008
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Gregory Best, Phoenix
*Plaintiff/Appellant*

The Hallstrom Law Firm, PLLC, Phoenix
By Kyle Hallstrom
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1** Gregory Best ("Best") appeals from the resolution of his claims against his neighbor Jose Nieblas ("Nieblas"). Best claimed interference with business expectancy, trespass, and conversion, and challenged the validity of Nieblas' title to real property. Finding no error in the superior court's resolution of these claims, we affirm and award Nieblas reasonable attorneys' fees under ARCAP 25 as a sanction for Best's frivolous appeal.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2** Best's claims here concern: (1) the piecemeal division of South Phoenix real property (the "Property") owned by Harry Cadriel ("Cadriel") between 2012 and 2016, and (2) the events following Best's 2016 eviction of Cadriel. As to the latter, Best alleged the damage or theft of a mobile home and other personal property following the eviction.

**¶3** Cadriel's family acquired the Property as a large single parcel of land on or before 1982. The single parcel was located at the corner of Jones Avenue and 12th Street in Phoenix. In July 2012, Cadriel divided the parcel approximately in half, with Nieblas acquiring the southern section ("Nieblas' Property") and Cadriel keeping the northern section. Through a

---

[1] In a separate matter, the superior court recommended the superior court presiding judge declare Best a vexatious litigant pursuant to Arizona Revised Statutes ("A.R.S.") section 12-3201. The presiding superior court judge did so, listing Best's "lengthy history of lawsuits" in which he filed court actions to harass defendants and defense counsel, "repeatedly filing claims or requests for relief" subject to previous rulings, and violated A.R.S. § 12-349. Maricopa Cnty. Super. Ct. Admin. Ord. No. 2019-146, http://www.superiorcourt.maricopa.gov/SuperiorCourt/Administrative Orders/AdminOrders/AO%202019-146.pdf.

management agreement with Cadriel, Best's company acquired a portion of the northern section in November 2012.

¶4        After transferring a portion of his property to Best's company, Cadriel continued to live on the northern section in a mobile home with a detached garage.  A pre-existing fence surrounded most of Cadriel's parcel, but a small, uneven segment of the fence protruded into Nieblas' Property. Cadriel used the encroaching fenced area with Nieblas' permission.  In 2016, in settlement of another dispute, Best's company acquired the rest of Cadriel's parcel; Best then successfully evicted Cadriel.

¶5        In early 2017, Best asserted claims for trespass, conversion, quiet title over the fenced property by adverse possession, and interference with business expectancy.  Best's business expectancy claims arose from Best's allegedly thwarted attempts to develop the Property into three residential units.  The initial complaint named Cadriel and Nieblas as defendants, but the complaint did not clearly assert all claims against both men.

¶6        Best moved to default both Cadriel and Nieblas.  Nieblas filed an answer and a motion to dismiss, noting Best filed the claims in his name even though Best's company actually held title to the real property.[2]  The amended complaint asserted only the trespass and conversion claims against Nieblas; these allegations flowed from Nieblas allegedly assisting Cadriel in moving certain items from what had become Best's real property. After amending the complaint, Best again sought a default against Nieblas, even though Nieblas had already filed two responsive pleadings.  Before the superior court ruled on his second default attempt, Best filed a notice of errata, which rewrote Best's amended complaint to allege tortious interference with business expectancy against Cadriel *and* Nieblas.  Nieblas thus became a defendant to an additional claim while a default was pending against him.

¶7        The superior court entered a default judgment against Cadriel on the trespass and conversion claims, awarding Best $18,000 and his attorneys' fees and costs.  In reducing the judgment to writing, Best used an overly expansive description of the property as constructed "in 1982."  The

---

[2]        During the litigation, Best's company transferred the property to Best.

resulting judgment therefore inaccurately included Nieblas' Property.[3] Best's overreach was later corrected by the superior court.

¶8         The litigation continued against Nieblas.  As previously noted, Best's trespass and conversion claims stemmed from Nieblas helping Cadriel remove some personal property after eviction.  The majority of the personal property Best alleged had been converted was Cadriel's personal property, including the mobile home recovered by Cadriel with help from Nieblas.  In an effort to recover the $18,000 judgment from Nieblas, Best sought to bind Nieblas to Cadriel as a "co-conspirator" to the trespass and conversion claims.  On Nieblas' motion, the superior court dismissed Best's quiet title claim, then dismissed Best's business expectancy claim because he failed to timely provide adequate proof of damages.  With the remaining claims limited to trespass and conversion and Best's potential damages limited to $18,000, the court sent the parties to mandatory arbitration.

¶9         The arbitrator found for Nieblas on the conversion claim but awarded Best $50 in trespass damages and $2,330.10 in costs.  After the court entered the arbitration award as a judgment, Best filed a notice of appeal from the judgment on the arbitration award and "all prior decisions" regarding Nieblas.  He then executed on the judgment against Nieblas via a sheriff's sale.

¶10         Approximately $50,000 remained from the sale proceeds after satisfaction of Best's judgment against Nieblas.  Nieblas moved to release the funds to his attorney, and Best made a competing claim to the excess funds to satisfy his judgment against Cadriel.  Cadriel then inserted himself into the litigation and filed a claim for the excess proceeds, arguing Nieblas never legally owned the land.  The superior court awarded the excess proceeds to Nieblas and denied the applications from Best and Cadriel; Best moved for reconsideration of that order.

¶11         Shortly after the three parties applied for the excess proceeds, Best sought Arizona Rule of Civil Procedure ("Rule") 60(b)(2) relief from the superior court on his conversion and business expectancy claims based on "newly discovered evidence" and moved to invalidate Nieblas' deed as forged.  As supporting evidence, Best produced an August 2019 affidavit from Cadriel and a 2018 affidavit from the purported notary of Nieblas'

---

[3]         Although Best evidentially claimed he owned all of the Property, his earlier filings recognized Nieblas' ownership of the southern section.

2012 quit claim deed. The notary's affidavit stated that she never "drafted or created that document" and had no journal log supporting the quit claim deed bearing her notary seal.

**¶12**        The superior court denied Best's Rule 60 motion, his motion to invalidate Nieblas' deed, and his motion for reconsideration regarding the release of the excess proceeds to Nieblas. Best filed a timely amended notice of appeal appealing "all prior decisions" regarding Nieblas. We have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1).

## ANALYSIS

**¶13**        Despite citing "all prior decisions" regarding Nieblas, Best's opening brief addresses only certain superior court rulings. We address only those arguments developed with citations to legal authority and to the record.[4]

### I.        *Nieblas' Deed and Rule 60 Relief*

**¶14**        First, Best argues that Nieblas' deed is invalid and/or forged and that the superior court erred in failing to accept his newly discovered evidence and in declining to reverse its prior rulings. We disagree.

**¶15**        Without extensive explanation, the superior court denied Best's motions to invalidate Nieblas' deed and for Rule 60 relief. In the minute entry denying both motions, however, the court found "[n]o good cause appearing" and stated it agreed with Nieblas' arguments as set forth in his briefs. We need not analyze these arguments because Best does not challenge them on appeal.

**¶16**        Rather, Best argues the strength of his evidence—the affidavits from Cadriel and the notary—outweighs the legal effect of Nieblas' quit claim deed. We disagree. To prove Nieblas' deed was invalid, Best had to present clear and convincing evidence to the superior court to support his assertions. *See Corn v. Branche*, 74 Ariz. 356, 358 (1952). It was the superior court's function to evaluate the credibility of the parties' evidence on this point and, in particular, whether the evidence presented by Best met the exacting standard of proof required. We do not reweigh

---

[4]        For example, Best alludes to the superior court denying his motion for contempt against Nieblas filed shortly after the arbitration proceedings. Because he does not properly develop and support the argument in his opening brief, the argument is waived. *See Boswell v. Fintelmann*, 242 Ariz. 52, 54, ¶ 7 n.3 (App. 2017); ARCAP 13(a)(7).

evidence on appeal. *See Godwin v. Farmers Ins. Co. of Am.*, 129 Ariz. 416, 419 (App. 1981); *Winterton v. Lannon*, 85 Ariz. 21, 23 (1958) ("It is our steadfast rule that we will not disturb the finding and judgment of the trial court based upon conflicting evidence . . . ."). As such, we affirm the court's ruling on the validity of the deed.

¶17        As to superior court's denial of Best's request for Rule 60 relief, we also find no error. Rule 60(b)(2) provides that the superior court may reverse judgment when there is newly discovered evidence that, with reasonable diligence, could not have been discovered in time. We review denial of a Rule 60 request for relief for an abuse of discretion. *State ex rel. Brnovich v. Culver*, 240 Ariz. 18, 19-20, ¶ 4 (App. 2016).

¶18        Again, the court here did not provide an explicit basis for denying Best relief. We conclude, however, it may have reasonably determined either that Cadriel's tardy support for Best's position was not credible or that Cadriel could have been located and his "evidence" timely provided before close of discovery or entry of judgment. Certainly, the notary's affidavit, dated more than a year earlier, was available. Finding no abuse of discretion, we affirm the superior court's denial of Rule 60 relief.

        II.        *Business Expectancy Claim*

¶19        Best argues the superior court erred in granting summary judgment in favor of Nieblas on the business expectancy claim, in which Best alleged Nieblas repeatedly trespassed onto the northern parcel and interfered with demolition and construction activities.[5] The court

---

[5]        The court also granted summary judgment on Best's adverse possession claim. On appeal, Best does not clearly contest that ruling. To the extent his brief can be construed to challenge that order, we find no error. *Hourani v. Benson Hosp.*, 211 Ariz. 427, 432, ¶ 13 (App. 2005) (noting summary judgment is appropriate if the moving party is entitled to judgment as a matter of law and no genuine dispute exists as to any material fact). Best argued below that Cadriel had adversely possessed the enclosed fenced portion of Nieblas' Property, and such status automatically passed to Best when he acquired Cadriel's property. But the record indicates that Cadriel owned the Property—including the disputed portion—before 2012; therefore, neither Cadriel nor Best could not meet the legal standard for adverse possession. *See Lewis v. Pleasant Country, Ltd.*, 173 Ariz. 186, 189 (App. 1992) (noting claim requires actual, exclusive,

dismissed the claim after finding Best had failed to properly support his calculation of damages. We review the superior court's rulings on general discovery and disclosure matters for an abuse of discretion and review *de novo* the court's grant of summary judgment. *State v. Mahoney*, 246 Ariz. 493, 495, ¶ 7 (App. 2019); *Hourani*, 211 Ariz. at 432, ¶ 13.

**¶20** In response to Best's motion for summary judgment, Nieblas alerted the court to the inadequacy of Best's damages disclosure. Best's response to Nieblas' damages' interrogatory referred to a "rough calculation" of $300,000 plus a loss of profit and suggested "the calculation will be provided prior to trial." The superior court then ordered Best to provide a better calculation supported by timely disclosed evidence.

**¶21** In response, Best asserted that had Nieblas not interfered, Best would have built and sold three residences for a profit of $190,200. He also alleged that Nieblas conspired with Cadriel to cause conversion and theft damages, which made Nieblas jointly liable for the $18,000 judgment against Cadriel. Finally, Best claimed he was entitled to reimbursement of his "current" attorneys' fees. He supported his calculation with several exhibits, including a vague cost estimate and some county assessor information concerning a different, allegedly comparable property. Although these documents had not been previously disclosed, Best argued Nieblas already had personal knowledge of some of the information and was not prejudiced by Best's untimely disclosure. The superior court disagreed and held the previously undisclosed information was prejudicial because Nieblas "was unable to conduct discovery relating to these documents, especially for the 'alleged comparables.'" The court concluded Best could not use the new evidence under Rule 37(c)(1) and his existing damages evidence was as a matter of law insufficient to support his claim.

**¶22** The record demonstrates Best failed to timely disclose sufficiently specific damage evidence. Summary judgment is appropriate when no evidence exists to support an essential element of a claim. *Rice v. Brakel*, 233 Ariz. 140, 143, ¶ 6 (App. 2013); *see also Dube v. Likins*, 216 Ariz. 406, 412-13, ¶ 14 (App. 2007) ("A claim for tortious interference with a business expectancy is insufficient unless the plaintiff alleges facts showing the expectancy constitutes more than a mere 'hope.'" (citation omitted)).

---

hostile, continuous possession for ten years). Further, anyone seeking to quiet title "must allege he holds title to the property; he cannot seek to quiet title solely based on the alleged weaknesses of his adversary's title." *Steinberger v. McVey ex rel. County of Maricopa*, 234 Ariz. 125, 140, ¶ 65 (App. 2014).

The superior court did not abuse its discretion in excluding Best's evidence, and it did not err in granting summary judgment in favor of Nieblas.

### III. The Arbitration Award

**¶23** Best argues the arbitration award did not wholly compensate him for his claims of conversion and trespass. As previously noted, Nieblas prevailed on the conversion claim, and Best prevailed on the trespass claim with an award of $50 for damages and $2,330.10 in costs. The arbitrator filed the award with the superior court on March 11, 2019, and Best filed his notice of appeal of the arbitration award twenty-nine days later. Nieblas argues Best's notice of appeal was untimely. We agree.

**¶24** We review *de novo* questions involving the interpretation or application of court rules. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008). Under Rule 77(b), the deadline for filing an appeal from an arbitration award is twenty days after the award is filed. *See also* A.R.S. § 12-133(H). We need not delve into Best's claims of sufficiency of the award, because his failure to timely appeal serves as an acceptance of the arbitrator's resolution of the issues. *See Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, 36, ¶ 7 (App. 1998). We therefore affirm the arbitration judgment.

### IV. Attorneys' Fees

**¶25** Nieblas requests attorneys' fees pursuant to ARCAP 25, arguing Best filed a frivolous appeal and that a sanction should be imposed to discourage similar conduct in the future. An appellate court may impose sanctions on a party where an appeal motion is frivolous or filed for the purpose of delay. ARCAP 25. We exercise "great reservation" in imposing sanctions under ARCAP 25, but we will do so to "discourage an unwarranted burden on the parties and on the courts' resources by the filing of meritless appeals." *Ariz. Tax Rsch. Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989).

**¶26** This Court has previously sanctioned Best for similar behavior under either ARCAP 25 or A.R.S. § 12-349. *See, e.g.*, *Best v. Villarreal*, 1 CA-CV 19-0199, 2020 WL 2499776, at *9, ¶ 44 (Ariz. App. May 14, 2020); *Best v. Driggs Title Agency, Inc.*, 1 CA-CV 19-0037, 2019 WL 7182582, at *4, ¶ 18 (Ariz. App. Dec. 24, 2019); *Best v. Hillard*, 2 CA-CV 2014-0154, 2015 WL 530138, at *4, ¶ 13 (Ariz. App. Feb. 10, 2015); *Best v. Warrick*, 1 CA-CV 12-0043, 2013 WL 1653586, at *3-4, ¶¶ 15-18 (Ariz. App. Apr. 16, 2013). As far back as 2009, this Court stated: "The record demonstrates that Best is engaging in a practice of litigation that is intended to harass, is

groundless, and is not made in good faith." *See Best v. Carson Messinger Elliott Laughlin & Ragan, P.L.L.C.*, 1 CA-CV 08-0702, 2009 WL 3115835, at *7, ¶ 35 (Ariz. App. Sept. 29, 2009). Notwithstanding this history of sanctions, Best has continued misusing the judicial process.

¶27 Self-represented litigants are extended the same level of "consideration on appeal as one who has been represented by counsel," and therefore are generally "held to the same familiarity with court procedures and the same notice of statutes, rules, and legal principles" as a lawyer. *Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12 (App. 1999). Best repeatedly fails to even come close to meeting that standard. Instead, he is reckless in his representation of both the facts and the law, and he repeatedly abuses the resources—and the patience—of this Court. We agree that Best's arguments on appeal are frivolous, and we are well aware of the liberties he has taken in describing the record. *See Matter of Levine*, 174 Ariz. 146, 152-53 (1993) (finding an appeal frivolous because it was unsupported by a reasonable legal theory and presented no colorable argument); *see also* ARCAP 13(a)(6)-(7).

¶28 Best's continuous disregard for the judicial process created an untenable atmosphere, requiring Nieblas' counsel and the courts to be vigilant to Best's misrepresentation, deception, and abuse. For these reasons, in our discretion, we sanction Best and grant Nieblas his reasonable attorneys' fees and costs upon compliance with ARCAP 21. We deny Best's request for attorneys' fees. *See* ARCAP 21(a)(2).

## CONCLUSION

¶29 For the foregoing reasons, we affirm the superior court's orders denying Best's post-judgment motions and granting summary judgment in favor of Nieblas; affirm the arbitration judgment; and grant Nieblas his taxable costs and—as a sanction against Best—his reasonable attorneys' fees on appeal subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA